*918 OPINION OF THE COURT
Memorandum.
The Appellate Division order, insofar as appealed from, should be reversed, with costs, and the matter remitted to County Court for recalculation of compensation due petitioner.
When a District Attorney is disqualified from conducting an investigation or prosecution, County Law § 701 authorizes appointment of a Special District Attorney. Once appointed, the Special District Attorney possesses all the powers, and must discharge all the duties, of the District Attorney as to that matter (County Law § 701 [4]).
The District Attorney has only limited power, however, to hire staff. Section 700 (5) provides that the County Board of Supervisors alone may create the position of "confidential secretary” to the District Attorney. Section 702, governing the hiring of Assistant District Attorneys, requires authorization of the position by the Board of Supervisors, and filing of the appointment with the County Clerk. The Assistant must take an oath of office. Lastly, as we recognized in Matter of Knight (191 NY 286), section 703 requires a District Attorney faced with a particularly demanding case to seek the approval of the County Judge prior to employing counsel to assist in the trial. These provisions establish that a District Attorney requires the approval of the County Court or Board of Supervisors (depending on the position to be created or filled) in order to hire legal staff at public expense.
Here, the attorney appointed to act as Special District Attorney sought compensation for hours billed by associates in his law firm, as well as for the services of a law clerk. Although County Court authorized payment, petitioner had failed to obtain prior approval for compensation to members of his staff. The County Attorney objected to payment for the services of any attorney other than the Special District Attorney himself on the grounds that the statute permits compensation only for the person "appointed.” Although the Appellate Division rejected the county’s contention, it nevertheless reduced the award, finding the hourly rates charged to be excessive.
Because a Special District Attorney’s powers are coextensive with those of a District Attorney, a Special District Attorney must, by implication, obtain approval before additional staff can be hired to assist in a prosecution, just as a District Attorney must do. Because no such approval was obtained *919 here, County Court was without legal authority to order compensation for services rendered by persons other than the Special District Attorney himself. As we observed in People v Leahy (72 NY2d 510, 513-514), legislative authorization to appoint a Special District Attorney is to be invoked sparingly, and "[t]his exceptional superseder authority should not be expansively interpreted.” We therefore decline petitioner’s sole request that we recognize broader hiring powers for an appointed Special District Attorney than the Legislature has conferred upon elected District Attorneys themselves.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur; Judge Levine taking no part.
Order, insofar as appealed from, reversed, with costs, and matter remitted to Rensselaer County Court for further proceedings in accordance with the memorandum herein.