■ In the Matter of DIRECTOR OF THE ASSIGNED COUNSEL PLAN OF THE CITY OF NEW YORK, Appellant. HILLEL BODEK,

Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TOWNSEND, Defendant. (And Other Criminal Actions.) [615 NYS2d 406] —Order, Supreme Court, New York County (Budd G. Goodman, J.), entered on or about June 16, 1993, which denied the Director of the Assigned Counsel Plan's application to reduce, and directed the processing of, vouchers for compensation for services other than counsel in two criminal cases, and order, same court and Justice, entered on or about July 27, 1993, which, upon reconsideration pursuant to the Rules of the Chief Administrator (22 NYCRR 127.2 [b], [c]), adhered to the prior order, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Stephen G. Crane, J.), entered on or about June 10, 1993, which denied the Director of the Assigned Counsel Plan's application to reduce, and directed the processing of, vouchers for compensation for services other than counsel in six criminal cases, and order, same court and Justice, entered on or about July 14, 1993, which, upon reconsideration pursuant to the Rules of the Chief Administrator (22 NYCRR 127.2 [b], [c]), adhered to the prior order, unanimously affirmed, without costs.

We find no basis upon which to disturb any of these determinations of "reasonable compensation" for a certified social worker assigned pursuant to County Law § 722-c, and of "extraordinary circumstances" justifying payment in excess of the $300 limit set forth in that statute. Even if these determinations are technically appealable by the Director of the Assigned Counsel Plan under the theory that a nonparty aggrieved by an order made in a criminal case may take an appeal (see, People v Schonfeld, 74 NY2d 324, 327; People v Marin, 86 AD2d 40, 42-43), they are nevertheless not reviewable by this Court (Matter of Werfel v Agresta, 36 NY2d 624, 626-627). We would add that to hold otherwise would be to involve this Court in the review of orders disapproving as well as approving vouchers by attorneys and nonattorneys alike, not as an administrative function but as part of the Court's responsibility to adjudicate appeals.

While we recognize the important role that fiscal considerations should play in determinations of compensation, under the present plan such concerns are to be addressed through the process of consultation with, and advisory review by, the local Administrative Judge (22 NYCRR 127.2; see, supra, at 627).

We also find nothing in County Law § 722-c that invalidates

an authorization of services initiated by the court rather than counsel. Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ. *[See,* 159 Misc 2d 142.]

Ross, J., concurs in the result only.