87 N.Y.2d 191 (1995)
661 N.E.2d 988
638 N.Y.S.2d 415
In the Matter of Director of the Assigned Counsel Plan of the City of New York, Appellant. Hillel Bodek, Respondent.
The People of the State of New York, Respondent,
v.
James Townsend, Defendant. (And Other Criminal Actions).
Court of Appeals of the State of New York.
Argued October 17, 1995
Decided December 21, 1995.
Paul A. Crotty, Corporation Counsel of New York City (Julian L. Kalkstein, Leonard Koerner and Larry A. Sonnenshein of counsel), for appellant.
King & Spalding, New York City (Brian Rosner of counsel), for Hillel Bodek, respondent.
Malvina Nathanson, New York City, for New York State Association of Criminal Defense Lawyers, amicus curiae.
Judges SIMONS, TITONE and LEVINE concur in Per Curiam opinion; Judge BELLACOSA concurs in result in a separate opinion in which Judge SMITH concurs; Chief Judge KAYE and Judge CIPARICK taking no part.
*193 Per Curiam.
In Matter of Werfel v Agresta (36 N.Y.2d 624), this Court held that an order issued pursuant to County Law §§ 722 and 722-b regarding an assigned criminal defense attorney's compensation is not subject to appellate review. This appeal requires us to consider the appealability and reviewability of compensation orders issued pursuant to County Law § 722-c.
The dispute arises out of services that were rendered by respondent Hillel Bodek, a certified social worker, in connection with several criminal cases that were pending before the Supreme Court in New York County. In each instance, Bodek had been appointed by the court to provide professional services to indigent defendants and the court directed that the City of New York pay him at a rate of $100 an hour for those services. In seven of the eight cases, the court also found "extraordinary circumstances" justifying significant departures from the statutory norm of $300 per case (see, County Law § 722-c).
The Director of the Assigned Counsel Plan for New York City asked the two Supreme Court Justices who had issued the compensation orders to reconsider them, particularly in light of contemporary budget constraints and the $45 maximum hourly rate for social workers prescribed by the Chief Administrator of the Courts (see, 22 NYCRR 127.2 [b]). Her requests for relief, which were made through informal letters and a formal motion (see, 22 NYCRR 127.2 [b]), were unsuccessful.
Following the denial of all of her fee reduction requests, the Director attempted to appeal from the Supreme Court's various "orders." The Appellate Division consolidated the appeals and affirmed. Conceding that the challenged orders might *194 technically be appealable by the Director, an aggrieved nonparty, the Court nevertheless declined to consider the appeals' merits, holding that the orders were not reviewable under Matter of Werfel v Agresta (supra). This Court subsequently granted the Director leave to take a further appeal.
Initially, we note that, with respect to the appealability question, there is no meaningful distinction between the County Law §§ 722 and 722-b assigned-counsel compensation order sought to be appealed in Matter of Werfel v Agresta (supra) and the County Law § 722-c assigned-expert compensation orders sought to be appealed here. Nonetheless, the rationale in Werfel does not pose an impenetrable barrier to appealing these challenged orders, since the analyses in more recent cases such as Matter of Abrams (John Anonymous) (62 N.Y.2d 183), Matter of Hynes v Karassik (47 N.Y.2d 659) and Matter of Cunningham v Nadjari (39 N.Y.2d 314) are fatal to the continuing validity of that rationale in the present context (cf., Matter of Santangello v People, 38 N.Y.2d 536; Matter of Alphonso C., 38 N.Y.2d 923).
Despite the technical appealability of the challenged orders, however, the Appellate Division did not err in refusing to entertain the merits of the Director's challenge. As is indicated in the final paragraphs of Werfel (supra, at 627), trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c "provide no basis for justiciable review." Such orders are essentially administrative in nature and, accordingly, are not amenable to judicial review on the merits by an appellate panel (cf., Matter of Harvey v County of Rensselaer, 83 N.Y.2d 917 [addressing court's power under County Law § 701 to award compensation for services performed by Special Prosecutor's associates]).
Although the point is not dispositive, we note that formal appellate review of these compensation orders is impractical, since the appeals courts are several steps removed from the circumstances in which the services were rendered and are therefore not well positioned to assess the wisdom of the Trial Judges' discretionary choices. To the extent that the trial courts' unreviewable discretion produces truly anomalous consequences or patterns of abuse in particular situations, the problem can and should be addressed through the available administrative tools.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
BELLACOSA, J. (concurring).
Judge Smith and I also vote to *195 affirm, but only under the constraint of Matter of Werfel v Agresta (36 N.Y.2d 624) on the nonjusticiable reviewability point and for these separately stated reasons.
The genesis of this exceptional compensation controversy is a long-standing practice of some Supreme Court Justices in Manhattan using a social services expert to provide the court with help in connection with a series of criminal cases. No one questions the right and need for the Judges to receive this assistance or the entitlement of experts to be properly compensated.
In the assembly of the cases now before us, the certified social worker was appointed, and after completion of the services, he submitted separate applications for court-ordered compensation. In seven of the eight cases, the courts found that the "extraordinary circumstances" statutory standard warranted compensation greatly in excess of the $300 prescribed maximum per case (see, County Law § 722-c). The courts also ordered the City of New York to pay at a rate of $100 an hour for services rendered in each of the separate criminal proceedings, a factor itself more than double the rate reflected in the Chief Administrative Judge's rule (22 NYCRR 127.2 [b]). The City of New York was never a party to the payment proceedings and was never afforded any opportunity to contest the fee requests or ordered payments. In total, the social worker was awarded in excess of $28,300 for just these cases  10 times greater than the statutory and rule maxima that would have totalled only $2,400.
Appellant, the Director of the Assigned Counsel Plan for New York City, became obligated, pursuant to the judicial orders, to pay the fees out of budgeted New York City appropriations. She sought at the earliest opportunity an initial review from the Justices who in the first instance ordered the payments. She requested that the courts at least adhere to the $45 per hour maximum rate for social workers prescribed by the Chief Administrative Judge (22 NYCRR 127.2 [b]). In each case, the trial courts granted reconsideration but adhered to their original orders. The Director's further attempt at review, pursuant to the Rules of the Chief Administrator (22 NYCRR 127.2 [b]), was rejected by the Justices on the ground that they were the sole, unreviewable adjudicators of these compensation matters.
The Director then appealed four separate orders of Supreme Court that respectively denied seven applications of review or *196 reconsideration of ordered payment vouchers for expert services. The Appellate Division consolidated the appeals and affirmed (207 AD2d 307). That Court treated the orders as appealable by affirming, but then ruled that they were "nevertheless not reviewable" under Matter of Werfel v Agresta (36 N.Y.2d 624, supra) (id., at 308). This Court granted leave to appeal and we agree unanimously under recent precedential developments that Matter of Werfel v Agresta (supra) is not a bar to appealability.
Matter of Hynes v Karassik (47 N.Y.2d 659), Matter of Abrams (John Anonymous) (62 N.Y.2d 183) and Matter of Codey (Capital Cities, Am. Broadcasting Corp.) (82 N.Y.2d 521) justify our treating these compensation orders made pursuant to County Law § 722-c as civil, rather than criminal in nature. They in no way affect the criminal proceeding or judgment itself and are entirely collateral to and discrete from the criminal proceeding (see, Matter of Hynes v Karassik, 47 N.Y.2d 659, 661, n 1, supra). The express authorization for ordering the compensation at issue is also located in a civil compilation of statutes, County Law § 722-c. Thus, the appealability threshold issue is different from Werfel (see also, Matter of Harvey v County of Rensselaer, 83 N.Y.2d 917; Yalango v Popp, 84 N.Y.2d 601).
The other half of the Werfel equation  justiciable reviewability even under the peculiar and narrow circumstances of this intractable controversy  continues, however, to confound and block desirable and realistic solution. It is for that reason that we must join in the affirmance result.
County Law § 722-c provides that a court may authorize expert services in connection with the prosecution of an action against an indigent defendant. The statute provides that "[t]he court shall determine reasonable compensation for the services and direct payment to the person who rendered them or to the person entitled to reimbursement. Only in extraordinary circumstances may a court provide for compensation in excess of three hundred dollars" (emphasis added).
In Matter of Werfel v Agresta (36 N.Y.2d 624, supra), this Court, inter alia, addressed the reviewability aspect of an assigned counsel compensation order made pursuant to County Law § 722-b, a statute similar, but not identical, to County Law § 722-c. This Court was divided, but held that the Appellate Division lacked power to review the lawyer's request to increase the allowance made pursuant to County Law §§ 722 and 722-b. The Court held further that the assigned attorney had no right to relief under CPLR article 78 and stated that *197 fixing compensation for assigned counsel "might" be characterized as "administrative."
While the civil proceeding and appeal are undeniably properly before this Court and some different procedural and juridical features from Werfel are present, we can discern no principled legal route to overcome its binding precedential effect on the justiciability and reviewability issue.
Distinctive features include that the Director and the municipal payor in this case were never parties in these matters originally, as attorney Werfel was in his case; nor did the appellant or City have any opportunity to contest, participate in or challenge the payment proceedings. They reasonably relied from the outset on statutory and formal administrative rule caps, limits and standards, and assigned counsel Werfel took his assignment with binding knowledge of the limitations of his statutory service. Arguably, the proceeding to challenge the excessive fees here is not essentially "administrative," as in Werfel, because a statute and a regulation with prescribed standards and limits appear to have been facially and egregiously overridden in this case. Yet, with all that said, the equal application and general rationale of the justiciability-reviewability bar erected in Werfel compel adherence on stare decisis grounds alone.
We would like to emphasize, however, that the lack of any judicial review or appropriate check-and-balance of unilateral trial court action in these public services and public fiscal matters is unfortunate. As this case demonstrates, substantial fiscal consequences to a municipality are in play, as well as serious inter- and intra-branch tensions and contests relating to completely unchecked power of the purse and compensation authority.
It seems entirely fitting, proper and appropriate that some specific regulatory and review power with respect to "extraordinary circumstances" public services payments situations be explicitly invested in the Appellate Division or the Chief Administrative Judge or both (see, e.g., People v Perry, 27 AD2d 154, 163; Yalango v Popp, 84 N.Y.2d 601, 607-608, supra). As this case demonstrates, unless the legislative and the judicial branches exercise their available and appropriate regulatory powers (see, e.g., NY Const, art VI, § 28; Judiciary Law § 212) to promulgate effective mechanisms for some review of such matters, a provider may be unilaterally rewarded far in excess of extant statutory or rule authorizations and limitations. This imprudent potentiality, no less the actuality, reflected so *198 dramatically by the intractable situation underlying this controversy, should be remedied for the sake of sound procedure and the protection of the public purse.
Order affirmed, without costs.