Per Curiam.

The Appellate Division was correct in concluding that, in a full-fledged judicial proceeding, it lacked subject-matter jurisdiction and that, moreover, the petition fails to state a claim for relief under CPLR article 78.
The assignment and compensation of counsel in criminal matters under sections 722 and 722-b of the County Law, and the plans adopted pursuant to statute do not, for purposes of review, fall within either civil or criminal proceedings as the practice statutes are structured. Fixing compensation for assigned counsel pursuant to the statute is one of numerous responsibilities of courts and Judges. These responsibilities might be characterized as "administrative”. They are, however, internal to, and performed entirely within the context of, the judicial offices involved. They are not concerned with the performance of an adjudicative function or an administrative responsibility external to the management of the courts or the litigation in them.
If the matter were considered as arising within a criminal action, the most likely classification, then no mode of appeal or review is provided (CPL 450.10, 450.15). In that connection CPL 1.20, in subdivision 18, expressly provides that a criminal proceeding means "any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action”. The application for an allowance was, of course, made in a completed criminal action. If it were otherwise, that is, civil in character, there would still be no judicial mode of review, under the opening paragraph of CPLR 7801, in the proper sense of that term. CPLR 7801 (subd 2) precludes the kind of determination petitioner seeks, which is, in effect, to obtain a higher allowance than he was awarded by respondent in a criminal action. However characterized, the ultimate reality is that petitioner challenges a determination in a criminal action.
Moreover, CPLR 7806 precludes the award of damages except as incidental to relief proper to a proceeding under the article (cf. CPLR 7801).
Finally, plans under sections 722, 722-a and 722-b of the County Law are designed to ease the burden of lawyers who *627 serve in assigned capacities in the representation of indigent criminal defendants. The lawyers who participate do so willingly, in the highest traditions of the profession, knowing that the limited fees provided fall short of full, or even fair, compensation for their services (People v Perry, 27 AD2d 154, 158). In so participating, the lawyersundertake an important public service, which before the statute was enacted, they performed without any compensation at all (id.). Petitioner’s own services were performed vpluntarily, with high competence and with complete success on behalf of his client. Those services exemplify the purpose of the statute and the tradition of the profession.
But it is quite evident that the plan, the statute, and the manner of its operation provide no basis for justiciable review of allowances to counsel made within the maximums provided by the statute (Matter of Fisher v Schenck, 39 AD2d 813; cf. People v Perry, 27 AD2d 154, 156, 162, supra; see, also, Matter of Snitkin v Taylor, 276 NY 148, 153). Notably, under the former Code of Criminal Procedure, fee allowances to assigned counsel were not subject to judicial review (§ 308; see People v Diehl, 286 App Div 1150). It is of course irrelevant that in other contexts statutes provide expressly for review of fee allowances to counsel, assigned or otherwise (e.g., Family Ct. Act, § 245, subd [b]; Judiciary Law, § 474).
This is not to say, however, that one situated like petitioner is not entitled to adjustment of the allowance made to him by application through the several layers of judicial administration, that is, to the appropriate Administrative Judges and even to the Administrative Board of the court system.
Accordingly, the judgment, denominated an order, of the Appellate Division dismissing the petition should be affirmed, without costs.