OPINION OF THE COURT
Per Curiam.
In Matter of Werfel v Agresta (36 NY2d 624), this Court held that an order issued pursuant to County Law §§ 722 and 722-b regarding an assigned criminal defense attorney’s compensation is not subject to appellate review. This appeal requires us to consider the appealability and reviewability of compensation orders issued pursuant to County Law § 722-c.
The dispute arises out of services that were rendered by respondent Hillel Bodek, a certified social worker, in connection with several criminal cases that were pending before the Supreme Court in New York County. In each instance, Bodek had been appointed by the court to provide professional services to indigent defendants and the court directed that the City of New York pay him at a rate of $100 an hour for those services. In seven of the eight cases, the court also found "extraordinary circumstances” justifying significant departures from the statutory norm of $300 per case (see, County Law § 722-c).
The Director of the Assigned Counsel Plan for New York City asked the two Supreme Court Justices who had issued the compensation orders to reconsider them, particularly in light of contemporary budget constraints and the $45 maximum hourly rate for social workers prescribed by the Chief Administrator of the Courts (see, 22 NYCRR 127.2 [b]). Her requests for relief, which were made through informal letters and a formal motion (see, 22 NYCRR 127.2 [b]), were unsuccessful.
Following the denial of all of her fee reduction requests, the Director attempted to appeal from the Supreme Court’s various "orders.” The Appellate Division consolidated the appeals and affirmed. Conceding that the challenged orders might *194 technically be appealable by the Director, an aggrieved nonparty, the Court nevertheless declined to consider the appeals’ merits, holding that the orders were not reviewable under Matter of Werfel v Agresta (supra). This Court subsequently granted the Director leave to take a further appeal.
Initially, we note that, with respect to the appealability question, there is no meaningful distinction between the County Law '§§ 722 and 722-b assigned-counsel compensation order sought to be appealed in Matter of Werfel v Agresta (supra) and the County Law § 722-c assigned-expert compensation orders sought to be appealed here. Nonetheless, the rationale in Werfel does not pose an impenetrable barrier to appealing these challenged orders, since the analyses in more recent cases such as Matter of Abrams (John Anonymous) (62 NY2d 183), Matter of Hynes v Karassik (47 NY2d 659) and Matter of Cunningham v Nadjari (39 NY2d 314) are fatal to the continuing validity of that rationale in the present context (cf., Matter of Santangello v People, 38 NY2d 536; Matter of Alphonso C., 38 NY2d 923).
Despite the technical appealability of the challenged orders, however, the Appellate Division did not err in refusing to entertain the merits of the Director’s challenge. As is indicated in the final paragraphs of Werfel (supra, at 627), trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c "provide no basis for justiciable review.” Such orders are essentially administrative in nature and, accordingly, are not amenable to judicial review on the merits by an appellate panel (cf., Matter of Harvey v County of Rensselaer, 83 NY2d 917 [addressing court’s power under County Law § 701 to award compensation for services performed by Special Prosecutor’s associates]).
Although the point is not dispositive, we note that formal appellate review of these compensation orders is impractical, since the appeals courts are several steps removed from the circumstances in which the services were rendered and are therefore not well positioned to assess the wisdom of the Trial Judges’ discretionary choices. To the extent that the trial courts’ unreviewable discretion produces truly anomalous consequences or patterns of abuse in particular situations, the problem can and should be addressed through the available administrative tools.
Accordingly, the order of the Appellate Division should be affirmed, without costs.