[772 NYS2d 286]

Leonard J. Levenson et al., Appellants, v Jonathan Lippman, as Chief Administrator of the Courts, et al., Respondents.

First Department, February 24, 2004

## APPEARANCES OF COUNSEL

*Hale & Dorr LLP (Dyan Finguerra-DuCharme, Peter J. Mac-donald* and *Nicholas A. Marsh* of counsel), for appellants.

*Michael Colodner, Office of Court Administration (John J. Sullivan* of counsel), for respondents.

*Michael Miller (Malvina Nathanson* of counsel), for New York County Lawyers' Association, amicus curiae.

*Hinman Straub P.C. (Jane Bello Burke* of counsel), for Association of Justices of the Supreme Court of the State of New York and another, amici curiae.

*Jonathan E. Gradess* and *Joshua L. Dratel (Stephanie J. Batcheller* of counsel), for New York State Defenders Association and others, amici curiae.

## OPINION OF THE COURT

ROSENBERGER, J.

The primary question raised by this appeal is why this Court should be divested of the power conferred upon it by the Constitution (New York Constitution, art VI, § 4 [k]; § 5) and the rules of civil practice (CPLR 5501, 5701) to review an order issued by a justice of the Supreme Court. Of secondary concern is how this Court's review power came to be vested in a Supreme Court justice who lacks any constitutional or statutory appellate authority and who is further constrained by the well-settled proscription against issuing a ruling in contravention of an order of a court of coordinate jurisdiction. In the absence of any basis for such a shift in the power expressly granted to this Court, defendants' attempt to derive such power from the general administrative authority bestowed by the Legislature upon the Chief Administrator of the Courts is unavailing. We therefore conclude that the exercise of appellate jurisdiction by an administrative judge by modifying orders awarding legal fees pursuant to County Law § 722-b constitutes an impermissible

intrusion upon the appellate jurisdiction of this Court and is therefore ultra vires.

Plaintiffs are attorneys who were assigned to represent indigent defendants in criminal proceedings under a plan mandated by article 18-B of the County Law. Each of the five attorneys was awarded counsel fees in excess of the rates specified in County Law § 722-b based on the existence of "extraordinary circumstances" warranting enhanced compensation. These awards are contained in orders that were issued by the respective trial judge upon completion of the assigned representation. "In keeping with Part 127 of the Rules of the Chief Administrator," the Director of the Assigned Counsel Plan requested review of the vouchers submitted in support of the applications for the fee awards, asking to be "advised of any modification of the order of the trial judge." The Director's requests culminated in five orders of the Administrative Judge of Supreme Court, Criminal Term, New York County striking the enhanced compensation and reducing the fee awards to the rates set forth in County Law § 722-b.

Plaintiffs ultimately commenced this action seeking a declaration that Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) (eff Apr. 16, 2001) is null and void as having been amended in excess of the authority granted to the Chief Administrator of the Courts by the Legislature and the New York Constitution.[1] Supreme Court, however, declared the rule and the challenged orders to be valid, finding that authority is derived from the power conferred on the Chief Judge by New York Constitution, article VI, § 28 (b) to "adopt administrative rules for the efficient and orderly transaction of business in the trial courts," as delegated to the Chief Administrator of the Courts by Administrative Delegations of the Chief Judge (22 NYCRR) § 80.1 (b) (6).

Nominally at issue on this appeal is the power of an administrative judge, pursuant to court rule, to reduce legal fees awarded to 18-B attorneys. Fundamentally at issue is the propriety of the original orders awarding assigned counsel fees in excess of the rates listed in County Law § 722-b, specifically whether enhanced compensation is warranted by extraordinary circumstances. The question is why those orders should be reviewed administratively rather than by appeal to the Appel-

---

1. This Court previously declined to reach the merits of plaintiffs' case, finding that the validity of the challenged rule was not properly before us in the context of a CPLR article 78 proceeding (290 AD2d 211, 211-212 [2002]).

late Division in accordance with established rules of appellate practice. In either event, there is no dispute that the award of compensation in excess of statutory 18-B rates is a matter entrusted to the sound discretion of the trial court subject to review under the traditional standard of abuse (Rules of Chief Administrator of Cts [22 NYCRR] § 127.2).

As pertinent to this controversy, County Law § 722-b states:

> "For representation on an appeal, compensation and reimbursement shall be fixed by the appellate court. For all other representation, compensation and reimbursement shall be fixed by the court where judgment of conviction or acquittal or order of dismissal was entered. In extraordinary circumstances a trial or appellate court may provide for compensation in excess of the foregoing limits and for payment of compensation and reimbursement for expenses before the completion of the representation" (as amended by L 1987, ch 317, § 2 [eff July 20, 1987]).[2]

Nothing in the statutory language suggests that the Legislature either considered the award of additional compensation to be a purely administrative act or intended that compensation awards should be foreclosed from appellate review. However, in an early case setting fees within the statutory maxima, the Court of Appeals concluded that the award of compensation pursuant to County Law §§ 722 and 722-b "do[es] not, for purposes of review, fall within either civil or criminal proceedings as the practice statutes are structured" (*Matter of Werfel v Agresta*, 36 NY2d 624, 626 [1975]; *see also Matter of Fisher v Schenck*, 39 AD2d 813 [1972]). With respect to the civil practice statute, it stated that "CPLR 7801 (subd 2) precludes the kind of determination petitioner seeks, which is, in effect, to obtain a higher allowance than he was awarded by respondent in a criminal action" (*Werfel* at 626). Therefore, the Court held, "The Appellate Division was correct in concluding that, in a full-fledged judicial proceeding, it lacked subject-matter jurisdiction and that, moreover, the petition fails to state a claim for relief under CPLR article 78" (*id.*). The Court added (at 627) that "the plan, the statute, and the manner of its operation provide no basis for justiciable review of allowances to counsel made within the maximums provided by the statute."

---

**2.** The statute was recently amended to increase the fees payable to assigned counsel (L 2003, ch 62, part J, § 2 [eff Jan. 1, 2004]).

The notion that the Appellate Division is without jurisdiction to entertain an appeal from the award of counsel fees pursuant to County Law §§ 722 and 722-b together with the idea that CPLR article 78 affords no basis for review have since been abandoned. In *Matter of Director of Assigned Counsel Plan of City of N.Y.* *(Bodek)* (87 NY2d 191, 194 [1995]), the Court of Appeals noted obliquely that "the analyses in more recent cases . . . are fatal to the continuing validity of that rationale in the present context." As the concurring opinion explains *(id.* at 196), the later cases "justify our treating these compensation orders . . . as civil, rather than criminal in nature," noting that payment is authorized "in a *civil* compilation of statutes."

While finding the rationale of *Werfel* to be invalid, the Court nevertheless unanimously adhered to its conclusion that such orders are not judicially reviewable:

> "Despite the technical appealability of the challenged orders, however, the Appellate Division did not err in refusing to entertain the merits of the Director's challenge. As is indicated in the final paragraphs of *Werfel* *(supra,* at 627), trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c 'provide no basis for justiciable review' " *(Bodek* at 194).

Although the concept of nonjusticiability has been invoked to preclude appellate review of a discretionary award of attorney compensation *(see Matter of Levenson v Lippman,* 290 AD2d 211 [2002], *appeal dismissed* 98 NY2d 635 [2002]), the quoted passage does not accurately reflect either the holding in *Werfel* or its factual context. *Werfel* holds only (at 627) that review is unavailable for "allowances to counsel made within the maximums provided by the statute," providing no intimation as to the availability of appeal from such awards as those at issue in *Bodek,* that is, orders resulting from the exercise of the trial court's discretion to *increase* compensation under the extraordinary circumstances provision of County Law § 722-b. As indicated by the dissent in *Werfel* (at 627), the issue before the Court was the jurisdiction of the Appellate Division to entertain the appeal in the context of an article 78 proceeding, observing (at 628):

> "whether in the exercise of its discretion it should entertain such a proceeding in these circumstances, and what might be the extent of what I would

conceive to be a very limited scope of review were such proceeding to be entertained (if indeed it can be said that the Legislature intended that there be any judicial review of allowances under § 722-b), are discrete issues which are not before us on the present appeal."

*Bodek* is a curious application of the doctrine of stare decisis. *Werfel*, which holds that the Appellate Division has no jurisdiction to entertain an appeal from an order directing compensation of assigned counsel *within* the statutory maximums, although acknowledged to rest on an erroneous rationale, is nonetheless represented in *Bodek* to preclude the Appellate Division from exercising its now conceded jurisdiction to review an award of compensation in *excess* of the statutory maximums. The factual distinction is highly significant. Were it not for the Legislature's inclusion of a provision permitting the court to exercise discretion and exceed the statutory maxima, the award of attorney compensation would be a merely ministerial exercise, rather than a function that is "essentially administrative in nature" (*Bodek* at 194), whatever that might imply. Logically, if compensation is set according to statute, without the exercise of discretion, the amount of compensation cannot be attacked as contrary to statute, thereby rendering the award unassailable. If, however, discretion is exercised to vary counsel compensation from the statutorily prescribed allowances, the award becomes subject to review on the question of whether the court's discretion was abused.

Another distinction is more elusive. *Werfel* held (at 626) that the Appellate Division lacked jurisdiction to entertain an appeal from the award of attorney compensation because neither the criminal nor civil practice statutes provides for appellate review. Where a court lacks subject matter jurisdiction to entertain a controversy, the merits of that controversy are not material to its disposition (*see Stevens v Kirk*, 171 AD2d 587 [1991] [dismissal for want of jurisdiction is not an adjudication on the merits]). In this context, the subsequent observation that the County Law affords "no basis for justiciable review" (*Werfel* at 627) would appear merely to predicate the lack of subject matter jurisdiction on an alternative statutory ground.

Though *Werfel* is readily distinguishable on its facts, particularly the absence of judicial discretion, *Bodek* relies exclusively on *Werfel* to support its conclusion. What emerges is an unprecedented and extraordinary assertion concerning the award of

attorney compensation: "Such orders are essentially administrative in nature and, accordingly, are not amenable to judicial review on the merits by an appellate panel" (*Bodek* at 194 [citing *Matter of Harvey v County of Rensselaer*, 83 NY2d 917 (1994), which turns on the ultra vires appointment of counsel not the propriety of compensation paid]). This declaration is itself an overstatement of the actual holding of *Bodek* (at 194) that "the Appellate Division did not err in refusing to entertain the merits of the Director's challenge." That this Court may properly decline to entertain an appeal as a matter of discretion does not dictate the conclusion that this Court *must* decline to entertain the appeal as a matter of law. Furthermore, the flawed and abandoned rationale of *Werfel*—that this Court is without jurisdiction to entertain the appeal—has now undergone a remarkable transformation. The theory advanced in *Bodek* is that this Court does indeed possess subject matter jurisdiction; but it is nevertheless precluded from entertaining the appeal on its merits.

This is a distinction without a difference. As stated by a leading commentator, subject matter jurisdiction "concerns the court's competence to entertain a given kind of case. A court gets its subject matter jurisdiction from the constitution and laws of the sovereign it serves" (Siegel, NY Prac § 8, at 9-10 [2d ed]; *e.g. Matter of Commissioner of Social Servs. v Daryl S.*, 235 AD2d 126 [1997]). Jurisdiction is conferred on this Court to "review questions of law and questions of fact on an appeal from a judgment or order of a court of original instance and on an appeal from an order of the supreme court" (CPLR 5501 [c]). The proscription against entertaining the merits, as set forth in *Bodek*, precludes our review of questions of law and fact and is indistinguishable from the proscription against exercising subject matter jurisdiction, as stated in *Werfel*. In both cases, the rationale employed is that this Court is precluded by statute from hearing an appeal from an order issued by a Supreme Court justice; however, rather than the civil and criminal practice statutes, it is now the County Law that is deemed to constitute the bar.

Notwithstanding the factual dissimilarities, the only distinction between the result reached in *Werfel* and that of *Bodek* is a matter of semantics. It is apparent that review of attorney compensation awarded pursuant to the County Law has been removed from the ambit of this Court's appellate jurisdiction by the simple expedient of designating it as an administrative act.

In a further attempt to bolster this ouster of jurisdiction, *Bodek* reasons (at 194) that "formal appellate review of these compensation orders is impractical, since the appeals courts are several steps removed from the circumstances in which the services were rendered and are therefore not well positioned to assess the wisdom of the Trial Judges' discretionary choices."

While an appellate court is never in as favorable position as a trial court, which has the "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), that limitation is not a bar to the exercise of appellate jurisdiction. As a practical matter, this Court routinely assesses the propriety of fee awards that are entrusted to the sound discretion of Supreme Court (*e.g. Matter of Mitchell v Bane*, 218 AD2d 537 [1995], *lv dismissed* 88 NY2d 1003 [1996]). Furthermore, an administrative judge is subject to the same limitation as an appellate tribunal and is in no better position to pass upon the providence of the discretion exercised by the trial court.

The review conducted in the instant matter suffers from the additional procedural infirmity that the ensuing order issued by the administrative judge in each case contravenes an order issued by a court of coordinate jurisdiction (*see Matter of Dondi v Jones*, 40 NY2d 8, 15 [1976]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 488 [1965]). Unlike this Court, the administrative judge is not exempt from the prohibition against deciding a question argued orally in court during proceedings conducted outside the presence of the judge (Judiciary Law § 21). Finally, under the court rule, administrative review need not be undertaken at the instance of an aggrieved party (*cf. Bodek* [Director of the Assigned Counsel Plan]; *Werfel* [compensated attorney]; *Levenson* [same]), but rather may be addressed sua sponte by an administrator, who thereupon represents the interest of the county in reducing the cost of providing the mandated representation.

The authority for the promulgation of the rule empowering the various administrative judges to review counsel compensation rests on an equally untenable basis. Why the Chief Administrator of the Courts should be able to exercise appellate jurisdiction that is denied to this Court is an anomaly that defendants have not satisfactorily explained. It is not enough to assert that the review provided for by 22 NYCRR 127.2 is administrative in nature. Following *Werfel*'s preclusion of

judicial review of attorney compensation, the various departmental Appellate Divisions assumed the role of approving attorneys' fees through procedures for "adjustment of the allowance made to [counsel] by application through the several layers of judicial administration, that is, to the appropriate Administrative Judges and even to the Administrative Board of the court system" (*Werfel* at 627). However, with the 1978 amendment of the extraordinary circumstances provision of County Law § 722-b to specify that the compensation of assigned counsel in excess of statutory limits is the prerogative of the "trial" court (L 1978, ch 700, § 1), this Court abandoned the practice (*see People v Elliot*, 98 Misc 2d 424, 425-426 [1979]; *see also Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 159 Misc 2d 109, 111-112 n 2 [1993], *affd* 207 AD2d 307 [1994], *affd* 87 NY2d 191 [1995]). Other Judicial Departments also struck down procedures for administrative review of such awards. For example, the Appellate Division, Fourth Department held that a rule requiring the approval of the Supervising Judge of the Criminal Courts for any excess fee award was "in direct and irreconcilable conflict" with County Law § 722-b (*Byrnes v County of Monroe*, 129 AD2d 229, 231 [1987]), and the Third Department followed suit, although on different grounds (*Matter of Kindlon v County of Rensselaer*, 158 AD2d 178, 180 [1990]). Thus, prior to the adoption of 22 NYCRR 127.2, the view universally adopted was that the award of 18-B attorney compensation under the County Law was not subject to administrative review. Following the adoption of the rule, however, the rules of this Court were amended to expressly provide for review "by the appropriate administrative judge pursuant to section 127.2 of this Title" (Rules of App Div, 1st Dept [22 NYCRR] § 606.2 [b] [eff Apr. 12, 2001]).[3]

Rules and regulations governing the administration of the courts are required to be in conformance with statutes enacted by the Legislature (*see Matter of Seidenberg v County Ct. of County of Rockland*, 34 NY2d 499, 506 [1974]). New York Constitution, article VI, § 30 grants the courts only the power to adopt such rules and regulations that are "consistent with the general practice and procedure as provided by statute or gen-

---

**3.** Section 127.2 is asserted to have been promulgated pursuant to the authority conferred upon the Chief Administrator of the Courts over the administration and operation of the Unified Court System as a whole. Because the Rules of the Chief Administrator of the Courts are effective system-wide, the adoption of a local departmental rule would appear to be superfluous. Significantly, the other Departments have not adopted similar rules.

eral rules." If, as the cited cases hold, administrative review of assigned counsel compensation is inconsistent with County Law § 722-b, then the present administrative rule providing for such administrative review "must yield to the statute" (*Kindlon* at 180). In any event, the administrative rule is inconsistent with the power of the Appellate Division to review the merits of an order of the Supreme Court (CPLR 5501 [c]).[4]

The grant of authority to "supervise the administration and operation of the unified court system" conferred on the Chief Administrator of the Courts on behalf of the Chief Judge (Judiciary Law § 212 [1]) does not grant any power to review the propriety of an action taken in a judicial capacity (Judiciary Law § 211 [1] [a]; *see Balogh v H.R.B. Caterers*, 88 AD2d 136, 143-144 [1982]). Whether or not the award of compensation as fixed in County Law § 722-b may be said to be administrative in nature, the exercise of discretion to award fees in excess of the specified amounts constitutes a judicial function subject to review, if at all, by the appellate courts applying the traditional standard of abuse (*e.g. Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]; *Matter of Mitchell v Bane*, 218 AD2d at 540). Defendants have referred this Court to no authority that would condone the transfer of this judicial function to an administrator. That the matter of counsel fees may be collateral to the criminal proceeding in which they are awarded does not render fee awards "administrative." Attorney compensation is generally considered to be collateral to the proceeding in which it is awarded (*see 815 Park Ave. Owners v Metzger*, 250 AD2d 471, 471 [1998] [noting that "it is common practice to sever a derivative claim for attorneys' fees upon granting judgment on the main claim"]). Collateral issues governed by court rules, such as the sealing of records, remain subject to review by the appellate courts (*Matter of Hofmann*, 284 AD2d 92 [2001]).

Like the orders fixing the compensation of counsel, the orders subject to review, though purported to be administrative, are judicial orders issued by a justice of the Supreme Court. While there is no constitutional or statutory basis to protract the ap-

---

4. In view of the statutory mandate that "[t]he appellate division *shall* review questions of law and questions of fact on an appeal from a judgment or order of a court of original instance and on an appeal from an order of the supreme court" (CPLR 5501 [c] [emphasis added]), it is far from clear that this Court may decline to reach the merits of an appeal from a Supreme Court order, the holdings of *Bodek* (87 NY2d at 194) and *Matter of Levenson* (290 AD2d at 211) notwithstanding.

pellate process with an ad hoc administrative review of counsel compensation awards, it remains that the putative administrative orders are themselves subject to the appellate jurisdiction of this Court (CPLR 5501 [c]; 5701).

The tortuous history of administrative review and the tortured logic advanced in its support should not be permitted to distract attention from the unconstitutional transfer of appellate jurisdiction that has been effected by the adoption of 22 NYCRR 127.2 (b), as amended. Merely by denominating the award of assigned counsel fees as an administrative exercise, appellate jurisdiction has been removed from the Appellate Division and transferred to the Chief Administrator of the Courts. Defendants have identified no authority for this obvious departure from the constitutional scheme, but rather have resorted to the employment of a semantic device. Whatever the perceived source of the authority to implement administrative review, it cannot come at the expense of the powers duly bestowed on this Court by the New York Constitution and the Civil Practice Law and Rules.

Accordingly, the judgment of the Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 23, 2003, which declared that the Chief Administrator of the Courts did not exceed the authority granted to him by the New York Constitution and the New York Legislature by amending 22 NYCRR 127.2 (b), that said rule is not invalid or unconstitutional and that the five orders modifying the awards of compensation granted by the trial judges are not invalid, should be reversed, on the law, without costs, the orders modifying the awards of counsel compensation vacated and the original award orders reinstated and plaintiffs have judgment declaring Rules of the Chief Administrator of the Courts § 127.2 (b) null and void.

ANDRIAS, J.P., WILLIAMS and LERNER, JJ., concur.

Judgment, Supreme Court, New York County, entered April 23, 2003, reversed, on the law, without costs, the orders modifying the awards of counsel compensation vacated and the original award orders reinstated and plaintiffs have judgment declaring Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) null and void.