[827 NE2d 259, 794 NYS2d 276]

LEONARD J. LEVENSON et al., Respondents, v JONATHAN LIPP-
MAN, as Chief Administrative Judge of the Courts, et al.,
Appellants.

Argued January 4, 2005; decided February 15, 2005

**POINTS OF COUNSEL**

*Michael Colodner,* New York City, *John J. Sullivan* and *David E. Markus* for appellants. I. The Chief Administrative Judge, acting in his administrative capacity, had the constitutional authority to promulgate Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b). (*Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191; *Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Met Council v Crosson,* 84 NY2d 328; *Corkum v Bartlett,* 46 NY2d 424; *Durante v Evans,* 94 AD2d 141, 62 NY2d 719; *Matter of Kindlon v County of Rensselaer,* 158 AD2d 178; *Matter of Gilman v Golfinopoulous,* 284 AD2d 224; *People v Perry,* 27 AD2d 154; *Kraham v Mathews,* 305 AD2d 746, 100 NY2d 512; *Matter of McLaughlin v Mathews,* 290 AD2d 846.) II. The Chief Administrative Judge created the administrative review process for excess compensation awards through a valid delegation from the Chief Judge. (*Matter of Met Council v Crosson,* 84 NY2d 328; *Matter of Kindlon v County of Rensselaer,* 158 AD2d 178.) III. Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) was not subject to the

requirement of section 28 (c) of article VI of the New York Constitution that an administrative policy be approved by the Court of Appeals prior to being promulgated. (*Corkum v Bartlett,* 46 NY2d 424; *Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191; *People v Perry,* 27 AD2d 154; *Bankers Trust Co. v Braten,* 101 Misc 2d 227; *Matter of Morgenthau v Cooke,* 56 NY2d 24.) IV. The administrative review procedures created by Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) are not governed by section 30 of article VI of the New York Constitution. (*Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191; *Matter of Kindlon v County of Rensselaer,* 158 AD2d 178.) V. The Chief Administrator's constitutional authority to review assigned counsel fee awards is not eroded by section 722-b of the County Law. (*Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Met Council v Crosson,* 84 NY2d 328; *Durante v Evans,* 94 AD2d 141; *Tenney v Sise,* 122 AD2d 370, 68 NY2d 910; *Bartlett v Evans,* 110 AD2d 612; *Matter of Kindlon v County of Rensselaer,* 158 AD2d 178; *Byrnes v County of Monroe,* 129 AD2d 229; *People v Perry,* 27 AD2d 154; *Matter of Delmar Box Co. [Aetna Ins. Co.],* 309 NY 60.)

*Wilmer Cutler Pickering Hale and Dorr LLP,* New York City (*Peter J. Macdonald, Dyan Finguerra-DuCharme* and *Kerry A. Malloy* of counsel), for respondents. I. The Appellate Division should be affirmed because the Chief Administrative Judge's power to "supervise the administration and operation of the unified court system" does not include the power to overrule or modify a trial court's discretionary decision. (*Byrnes v County of Monroe,* 129 AD2d 229; *Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191; *People v Hemmings,* 2 NY3d 1; *People v Barber,* 74 NY2d 653; *People v Dawson,* 249 AD2d 977; *McDonald v Northside Sav. Bank,* 184 AD2d 426; *Matter of Rattner v Planning Commn. of Vil. of Pleasantville,* 156 AD2d 521; *Balogh v H.R.B. Caterers,* 88 AD2d 136; *People v Witenski,* 15 NY2d 392.) II. The Chief Administrative Judge did not promulgate Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) pursuant to a delegated authority under article VI, § 28 (b) of the New York Constitution. (*Matter of Morgenthau v Cooke,* 56 NY2d 24.) III. The procedure set forth in article VI, § 28 (c) of the New York Constitution must be followed because Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) is a statewide administrative policy. (*Matter of Mor-*

*genthau v Cooke,* 56 NY2d 24; *Corkum v Bartlett,* 46 NY2d 424; *Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191.) IV. The Chief Administrative Judge does not have the power to enact a rule that conflicts with the Legislature's intent to vest the trial court with final authority to award enhanced fees. (*Matter of Kindlon v County of Rensselaer,* 158 AD2d 178; *People v Perry,* 27 AD2d 154; *Byrnes v County of Monroe,* 129 AD2d 229; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 159 Misc 2d 109.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Leonard Koerner, Larry A. Sonnenshein* and *Julian L. Kalkstein* of counsel), for City of New York, amicus curiae. The promulgation of Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) authorizing administrative judges to modify assigned counsel fee awards made by a trial judge was a valid exercise of the Chief Administrator's powers that provides a necessary layer of review of what were once unilateral trial court determinations to spend public monies. (*Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 207 AD2d 307, 87 NY2d 191; *Babigian v Wachtler,* 181 AD2d 640; *Matter of Gilman v Golfinopoulous,* 284 AD2d 224; *Matter of Kindlon v County of Rensselaer,* 158 AD2d 178; *Corkum v Bartlett,* 46 NY2d 424; *People v Brisman,* 173 Misc 2d 573; *People v Perry,* 27 AD2d 154; *Matter of Burk,* 6 AD2d 429; *People v Walker,* 135 Misc 2d 370.)

*Edwin David Robertson,* New York City, and *Malvina Nathanson* for New York County Lawyers' Association, amicus curiae. I. Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 does not fall within the powers given directly to the Chief Administrator by the New York Constitution. (*People v Perry,* 27 AD2d 154.) II. The decision that extraordinary circumstances in a particular case justify paying an attorney at higher than the statutorily fixed rate is not an administrative task. (*Matter of Werfel v Agresta,* 36 NY2d 624; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek],* 87 NY2d 191; *People v Diehl,* 286 App Div 1150; *People v Heiselbetz,* 30 App Div 199; *Matter of Abrams [John Anonymous],* 62 NY2d 183; *Matter of Hynes v Karassik,* 47 NY2d 659; *Matter of Cunningham v Nadjari,* 39 NY2d 314.) III. Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) is bad policy. (*Flushing Natl. Bank v Municipal Assistance Corp. for City of N.Y.,* 40 NY2d 731.)

*Hinman Straub P.C.*, Albany (*Bartley J. Costello, III, David W. Novak* and *Patrick J. O'Keeffe* of counsel), for Association of Justices of the Supreme Court of the State of New York and another, amici curiae. I. Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) exceeds the Chief Administrator's powers, which are limited to those expressly delegated or provided by law. (*Matter of Morgenthau v Cooke*, 56 NY2d 24; *Byrnes v County of Monroe*, 129 AD2d 229; *People ex rel. Peck v Board of Supervisors of Genesee County*, 61 App Div 545, 168 NY 640; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 87 NY2d 191.) II. The Chief Administrator's "administrative" authority must yield to the Legislature's reserved power to regulate practice and procedure in the courts. (*Matter of Morgenthau v Cooke*, 56 NY2d 24; *People v Perry*, 27 AD2d 154; *Byrnes v County of Monroe*, 129 AD2d 229; *Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 159 Misc 2d 109, 207 AD2d 307, 87 NY2d 191; *People v Elliot*, 98 Misc 2d 424; *Matter of Werfel v Agresta*, 36 NY2d 624.) III. Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) invades the traditional purview of the courts. (*Matter of Morgenthau v Cooke*, 56 NY2d 24; *Balogh v H.R.B. Caterers*, 88 AD2d 136; *Michel v Michel*, 31 AD2d 313; *Matter of Wright v County of Monroe*, 45 AD2d 932; *People v Brisman*, 173 Misc 2d 573.)

*Jonathan E. Gradess*, Albany, *Richard D. Willstatter, Joshua L. Dratel* and *Stephanie J. Batcheller* for New York State Defenders Association and others, amici curiae. The exercise of fee-setting authority by a trial court pursuant to County Law §§ 722-b and 722-c is not the exercise of court administrative business and not subject to regulation by rule of the Chief Administrative Judge. (*Gideon v Wainwright*, 372 US 335; *People v Witenski*, 15 NY2d 392; *Matter of Smiley*, 36 NY2d 433; *Matter of Met Council v Crosson*, 84 NY2d 328; *Durante v Evans*, 94 AD2d 141; *Corkum v Bartlett*, 46 NY2d 424; *Matter of Werfel v Agresta*, 36 NY2d 624; *People v Fortune*, 178 Misc 2d 499; *Byrnes v County of Monroe*, 129 AD2d 229; *Matter of Kindlon v County of Rensselaer*, 158 AD2d 178.)

### OPINION OF THE COURT

Per Curiam.

The issue presented in this appeal is whether the Chief Administrative Judge acted within the authority granted him by the New York State Constitution when he amended section

127.2 (b) of the Rules of the Chief Administrator of the Courts (22 NYCRR 127.2 [b]). As amended, the rule permits an administrative judge to review an order of a trial judge setting an award of compensation in excess of the statutory limits set forth in section 722-b of the County Law. We conclude that the Chief Administrative Judge acted within his authority and declare that section 127.2 (b) is valid.

Article 18-B of the County Law requires all counties to maintain a plan to provide counsel to individuals charged with a crime or who are otherwise statutorily entitled to representation (County Law § 722). One manner in which a county may furnish representation is through a bar association plan in which the services of private counsel are rotated and coordinated by an administrator (the Assigned Counsel Plan) (County Law § 722 [3]). Section 722-b of the County Law governs the compensation rates for attorneys who participate in the Assigned Counsel Plan. During the period relevant to this case, County Law § 722-b provided that attorneys participating in the Assigned Counsel Plan be compensated at a rate not to exceed $25 per hour for work performed outside of court and $40 per hour for work performed in court, plus reasonable expenses. The provision further imposed a cap of $800 for misdemeanor cases and $1,200 for felony cases and all appellate matters.[1] However, upon application to the court, compensation in excess of these statutory limits could be paid upon a showing of "extraordinary circumstances." (County Law § 722-b [3].)

These assigned counsel rates, in effect since 1986, have worked a hardship upon the assigned counsel system as the number of attorneys willing to participate in the program severely decreased because the fees were inadequate. At the same time, the number of individuals in need of assigned representation increased, causing many trial courts to struggle to find attorneys willing to represent indigent defendants in criminal proceedings. There arose a growing concern that the lack of attorneys available to represent indigent criminal defendants threatened to deny such individuals their federal and state constitutional rights. To alleviate the problem, a number of trial

---

1.   County Law § 722-b has since been amended. Effective January 1, 2004, compensation rates for assigned counsel were increased to $75 per hour (for work performed in and out of court) for felony cases and appeals, with a maximum compensation limit of $4,400. For misdemeanor cases, the compensation rates were increased to $60 per hour, with a maximum limit of $2,400.

judges authorized enhanced compensation awards for assigned counsel. These judges concluded that the loss of attorneys from the assigned counsel panels due to the existing rate structure constituted an extraordinary circumstance justifying an enhanced hourly rate to ensure the availability of qualified attorneys to provide constitutionally required representation.

This practice prompted protests from localities responsible for paying these enhanced awards. There was, however no mechanism to review these enhanced awards, either judicially or administratively. In 2001, after consulting with the Administrative Board of the Courts, the Chief Administrative Judge amended section 127.2 to vest the power to review these awards with the appropriate administrative judge. Specifically, the Chief Administrative Judge amended section 127.2 (b) to give administrative judges the power to review enhanced awards, with or without application, and to modify an award "if it is found that the award reflects an abuse of discretion by the trial judge."[2]

Plaintiffs Leonard Levenson, Richard A. Siracusa and James H. Tatem are all criminal defense attorneys who participate in the Assigned Counsel Plan, Felony Panel for the County of New York, representing indigent defendants in criminal proceedings. As relevant here, plaintiffs were appointed to represent indigent defendants in five separate criminal proceedings. In each of the underlying proceedings, plaintiffs submitted applications to the presiding trial judge requesting compensation in excess of the statutory limit, and in each instance the respective trial judge determined that extraordinary circumstances warranted an upward departure from the statutory rates. One Justice ordered compensation for Levenson at an hourly rate of $75 for work performed in and out of court, for an aggregate compensation of $10,462.50. Upon Levenson's application in a separate trial, another Justice ordered that Levenson be compensated at an hourly rate of $65 for in court work and $25 for out of court work, totaling $4,007.50. Similarly, a Justice ordered that Siracusa be paid an hourly rate of $75, for a total of $4,875. Tatem's application for compensation in one case resulted in a Justice ordering that he be paid at a rate of $75 per hour, for a

---

**2.** Prior to the amendment, section 127.2 (b) provided that, upon proper application to review an award of enhanced attorney's fees, the trial judge could reconsider the award in consultation with the appropriate administrative judge. The final determination of the fees, however, remained with the trial judge.

total of $2,118.75. Pursuant to an application in a separate case, another Justice ordered that Tatem be compensated at a rate of $75 per hour, for an aggregate of $3,488.35.

In each case, the Director of the Assigned Counsel Plan submitted a request for review of the enhanced fee awards to Administrative Judge Micki A. Scherer, whom the Chief Administrative Judge appointed pursuant to section 127.2 (b) to review such excess compensation awards in the Supreme Court, Criminal Term, First Judicial District. Judge Scherer modified each enhanced award by reducing the compensation to the maximum rates set forth in County Law § 722-b.

In January 2002, plaintiffs Siracusa and Tatem commenced a declaratory judgment action against defendants Jonathan Lippman, in his official capacity as Chief Administrative Judge of the Courts, Judge Scherer and the New York State Office of Court Administration challenging the constitutionality of section 127.2 (b). In May 2002, plaintiff Levenson brought a similar action, which was subsequently consolidated with the Siracusa/Tatem action pursuant to a stipulation. Plaintiffs, in their respective complaints, asserted that section 127.2 (b) "unconstitutionally permitted the establishment of an appellate court by delegating the power to review a trial court's order to" an administrative judge.

Ruling on plaintiffs' declaratory judgment action, Supreme Court declared that (1) in amending section 127.2 (b), the Chief Administrative Judge did not exceed the authority granted to him by the New York Constitution and the New York Legislature; (2) section 127.2 (b) is neither invalid nor unconstitutional; and (3) Judge Scherer's orders modifying the awards of compensation granted by the trial judges are valid. Rejecting plaintiffs' argument that the trial courts' exercise of discretion in the award of enhanced compensation fees was not subject to review, the court, relying on *Matter of Werfel v Agresta* (36 NY2d 624 [1975]) and *Matter of Director of Assigned Counsel Plan of City of N.Y. (Bodek)* (87 NY2d 191 [1995]), stated that "compensation awarded to assigned counsel is not reviewable by the appellate courts, but can only be reviewed on an administrative level." The court also concluded that section 127.2 (b) was validly amended pursuant to the power conferred upon the Chief Administrative Judge by article VI, § 28 (b) of the Constitution to "adopt administrative rules for the efficient and orderly transaction of business in the trial courts," as delegated by the Chief Judge in 22 NYCRR 80.1 (b) (6).

The Appellate Division reversed Supreme Court's judgment, vacated Judge Scherer's orders modifying the trial courts' excess compensation awards, reinstated the original excess compensation awards and declared section 127.2 (b) null and void. The Court concluded that the authority of the administrative judge to review the trial judges' award of enhanced compensation provided in section 127.2 (b) was inconsistent with New York Constitution, article VI, § 30, which grants individual courts the power to adopt such rules and regulations as are "consistent with the general practice and procedure as provided by statute or general rules." In particular, the Court stated that section 127.2 (b) violated article VI, § 30 because it usurped the Appellate Division's authority, pursuant to CPLR 5501 (c) and 5701, to review the merits of an order of the Supreme Court. Thus, the Court held that section 127.2 (b), as amended, effectuated an unconstitutional transfer of appellate jurisdiction from the Appellate Division to administrative judges, who "lack[ ] any constitutional or statutory appellate authority and who [are] further constrained by the well-settled proscription against issuing a ruling in contravention of an order of a court of coordinate jurisdiction." (5 AD3d 86, 87 [2004].)

Defendants appealed to this Court as a matter of right on constitutional grounds, pursuant to CPLR 5601 (b), and we now reverse the order of the Appellate Division and reinstate the judgment of Supreme Court.

In *Matter of Werfel v Agresta* (36 NY2d 624 [1975]), the petitioner was a participant in the Assigned Counsel Plan and was awarded compensation that fell within the statutory limits. The petitioner brought a CPLR article 78 proceeding seeking an increase in compensation. Concluding that the assignment of compensation to assigned counsel pursuant to County Law § 722-b was administrative in nature and did not concern the performance of an adjudicative function, we held that there was "no basis for justiciable review of allowances to counsel made within the maximums provided by the statute" (*id.* at 627). We did, however, leave open the possibility that an assigned attorney entitled to an adjustment in compensation could apply for it through the appropriate administrative judge or even to the Administrative Board of the court system (*see id.*).

In *Matter of Director of Assigned Counsel Plan of City of N.Y. (Bodek)* (87 NY2d 191 [1995]) we reaffirmed our determination that a trial judge's award of compensation pursuant to County Law § 722-b was an administrative act not subject to judicial

review. There, two trial judges awarded excess compensation to a court-appointed social worker pursuant to County Law § 722-c. After the same trial judges denied the requests from the Director of the Assigned Counsel Plan to reduce the compensation awards, the Director attempted to appeal the awards. The Appellate Division declined to consider the merits of the appeals, holding that they were not reviewable. This Court affirmed.

Initially, we noted that, as to appealability, there was no meaningful distinction between the County Law §§ 722 and 722-b assigned-counsel compensation order to be appealed in *Werfel* and the County Law § 722-c assigned-expert compensation orders in *Bodek*. We went on to hold that "[s]uch orders are essentially administrative in nature and, accordingly, are not amenable to judicial review on the merits by an appellate panel." (87 NY2d at 194.) Finally, this Court stated, "[t]o the extent that the trial courts' unreviewable discretion produces truly anomalous consequences or patterns of abuse in particular situations, the problem can and should be addressed through the available administrative tools." (*Id.*)

We reaffirm our holdings in *Werfel* and *Bodek* today. In doing so, we disagree with the Appellate Division's conclusion that, by promulgating section 127.2 (b), the Chief Administrative Judge unconstitutionally divested the Appellate Division of its jurisdiction to review compensation orders issued by the Supreme Court by assigning that power to administrative judges. Indeed, the Appellate Division's holding is the very opposite of its holding in *Bodek*, which we affirmed. Because, under *Bodek* and *Werfel*, the appellate courts have no power to review a trial court's excess compensation award, and this Court's decisions contemplated administrative review of such awards, section 127.2 (b) does not confer upon an administrative judge any authority that would otherwise belong to the appellate courts.

We further conclude that the Chief Administrative Judge properly adopted section 127.2 (b) pursuant to his regulatory power under the State Constitution and the Judiciary Law. New York Constitution, article VI, § 28 (b) states:

> "The chief administrator, on behalf of the chief judge, shall supervise the administration and operation of the unified court system. In the exercise of such responsibility, the chief administrator of the courts shall have such powers and duties as may be delegated to him or her by the chief judge and such

additional powers and duties as may be provided by law."

Moreover, Judiciary Law § 212 (1) states that it is the role of the Chief Administrator of the Courts to "supervise the administration and operation of the unified court system" on behalf of the Chief Judge. In the exercise of that responsibility, section 212 (1) provides that the Chief Administrator "shall have such powers and duties as may be delegated to him by" the Chief Judge.

The powers and duties of the Chief Administrative Judge, as delegated by the Chief Judge, are set forth in 22 NYCRR 80.1, which in pertinent part provides:

> "(b) In the exercise of this delegated responsibility and in accordance with the standards and administrative policies established, approved and promulgated pursuant to article VI, section 28 (c) of the Constitution, the Chief Administrator shall: . . .

> "(6) adopt administrative rules for the efficient and orderly transaction of business in the trial courts, including but not limited to calendar practice, in consultation with the Administrative Board of the Courts or the appropriate Appellate Divisions."

Defendants maintain, and we agree, that with the advice and consent of the Administrative Board, the Chief Administrator properly promulgated section 127.2 (b) pursuant to his delegated authority to adopt rules for the efficient and orderly transaction of trial court business. The allocation of finite financial resources for the payment of assigned counsel is a concern for court administrators, and the Chief Administrator validly adopted section 127.2 (b) pursuant to the authority delegated to him under 22 NYCRR 80.1.

Finally, we find unpersuasive plaintiffs' argument that section 127.2 (b) violates New York Constitution, article VI, § 30 by intruding upon the Legislature's authority to regulate proceedings in law.[3] More particularly, plaintiffs maintain that the regulation conflicts with the Legislature's intent, as expressed

---

3. New York Constitution, article VI, § 30 states:
   "The legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and in equity that it has heretofore exercised. The legislature may, on such terms as it shall provide and subject to subsequent modification, delegate, in whole or in part, to a court, including the appellate division of

in County Law § 722-b, to vest trial courts with exclusive authority to fix assigned counsel fees. We disagree. By making no provision in the County Law for any review of excess compensation awards, the Legislature simply created a gap in the administrative process that the Chief Administrator was entitled to fill. Otherwise, these awards would be wholly unreviewable. While plaintiffs seek this result, we cannot agree with it. Additionally, given that the award of compensation fees is an administrative rather than a judicial act of the trial judge, the Legislature could not by statute divest the Chief Administrator of his authority under New York Constitution, article VI, § 28 to supervise the administration and operation of the Unified Court System on behalf of the Chief Judge (*see Matter of Met Council, Inc. v Crosson*, 84 NY2d 328, 335 [1994] [where the powers of the Chief Administrator flow from the State Constitution, they cannot be abrogated by statute]).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

ROSENBLATT, J. (concurring). Although I join the Court's opinion without reservation, I write separately to acknowledge the Appellate Division's concern—so ardently expressed in the case before us—that Rules of the Chief Administrator of the Courts (22 NYCRR) § 127.2 (b) would divest that Court of the power to review orders of the kind involved here. Although I agree that the Chief Administrative Judge had the authority to promulgate section 127.2 (b), I note that he did so only after the Legislature did not enact 1995 NY Senate Bill S 4481. Under that bill, which was introduced at the request of the Office of Court Administration on the recommendation of the Administrative Board of the Courts, the Appellate Division would have been given authority to conduct expedited reviews of enhanced payment vouchers.* That would have satisfied the issues raised by the Appellate Division, while filling "a void in the . . . statutory framework" (Senate Introducer Mem in Support, 1995 NY

---

the supreme court, or to the chief administrator of the courts, any power possessed by the legislature to regulate practice and procedure in the courts. The chief administrator of the courts shall exercise any such power delegated to him or her with the advice and consent of the administrative board of the courts. Nothing herein contained shall prevent the adoption of regulations by individual courts consistent with the general practice and procedure as provided by statute or general rules."

* In pertinent part, the proposed legislation read,

Senate Bill S 4481), which otherwise lacked any provision for review of enhanced payment vouchers.

As amici, the Association of Justices of the Supreme Court of the State of New York and Association of Supreme Court Justices for the City of New York oppose section 127.2 (b), in part because it allows administrative judges to overrule the orders of other judges of "co-ordinate jurisdiction." S 4481 would have also obviated that objection.

A decade ago, keenly sensitive to the viewpoint of the trial and appellate justices, the court administration sought passage of S 4481, which would have authorized review by the Appellate Division, instead of review by administrative judges. Because the Senate bill was never enacted, the Chief Administrative Judge exercised his powers to provide for administrative review, the only review he could institute without legislation. Given this background, the Legislature may wish to consider vesting the Appellate Division with the authority to review vouchers of this type, as contemplated by S 4481. In that fashion, the best of both worlds would be realized: filling a void in oversight and giving that oversight to an appellate tribunal.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in per curiam opinion; Judge ROSENBLATT concurs in a separate concurring opinion; Chief Judge KAYE taking no part.

Order reversed, etc.

---

"Any order of a trial court determining a claim for compensation or reimbursement hereunder shall be subject to review in the court having appellate jurisdiction of the action in which the claim was made upon application of the claimant or the political subdivision upon which payment of the claim is a charge. The appellate court shall provide for the expedited determination of such application and may confirm, increase, or decrease the compensation or reimbursement awarded."