## Malliaros v 615 W. 136th St. Residences, LLC

2025 NY Slip Op 31460(U)

April 23, 2025

Supreme Court, New York County

Docket Number: Index No. 155568/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**                    PART        **33M**

*Justice*

-------------------------------------------------------------------X

REBECCA MALLIAROS                          INDEX NO.        155568/2022

                    Plaintiff,             MOTION DATE      05/07/2024

- v -                                      MOTION SEQ. NO.      001

615 WEST 136TH STREET RESIDENCES, LLC,           **DECISION + ORDER ON**
                                                       **MOTION**
                    Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for           JUDGMENT - SUMMARY          .

Upon the foregoing documents, and final submission dated February 18, 2025, Defendant

615 West 136th Street Residences, LLC's ("Defendant") motion for summary judgment as to its

breach of contract and attorneys' fees counterclaims and dismissing Plaintiff Rebecca Malliaros's

("Plaintiff") breach of contract cause of action is granted, and Plaintiff's cross-motion for summary

judgment is denied.

## I.      Background

This is an action for damages from an alleged breach of a settlement agreement (the

"Release"). On June 15, 2017, Plaintiff filed a rent overcharge complaint with the State of New

York Division of Housing and Community Renewal ("DHCR") on Defendant related to Plaintiff's

tenancy in 615 West 136th Street, New York, New York, 10031 (the "Building") (*see generally*

NYSCEF Doc. 1). The Building was owned by Defendant. The parties settled the overcharge

proceeding via the Release entered on January 14, 2020.

[* 1]

Plaintiff withdrew her overcharge complaint with prejudice in exchange for Defendant setting the legal regulated rent to $1,200 per month and paying Plaintiff $127,760.00 in four installments plus $10,500.00 for legal fees (*see* NYSCEF Doc. 19). Defendant made the first scheduled payment, including the payment of Plaintiff's attorney's fees, totaling $42,440.00 on January 16, 2020 (*see* NYSCEF Doc. 20). On January 22, 2020, DHCR terminated the overcharge proceedings with prejudice (NYSCEF Doc. 19). On February 20, 2020, Plaintiff subsequently filed a Petition for Administrative Review with DHCR seeking to withdraw the Release (*see* NYSCEF Doc. 24). Plaintiff then withdrew her Petition for Administrative Review on March 16, 2020, and on October 19, 2020, the DHCR issued an Order and Opinion Terminating Plaintiff's Petition for Administrative Review (the "Order") (*see* NYSCEF Docs. 25 and 40).

This action was subsequently commenced by Plaintiff on June 29, 2022 because Defendant allegedly failed to make the remaining payments. Defendant claims it did not make payments because Plaintiff breached the Release by filing the Petition for Administrative Review and by disclosing the terms of the agreement at the commencement of this action. Defendant moves for summary judgment pursuant to CPLR 3212 on Defendant's first counterclaim for breach of contract against Plaintiff to recover $42,440.00 and on Defendant's second counterclaim for attorneys' fees. Defendant also seeks summary judgment on Plaintiff's cause of action for breach of contract pursuant to CPLR 3211(a)(1), (5), and (7), and 3212. Plaintiff cross-moves for summary judgment on her breach of contract cause of action pursuant to CPLR 3212.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v*

[* 2]

*Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

### B. Defendant's Motion for Summary Judgment Dismissing Plaintiff's Cause of Action for Breach of Contract and Plaintiff's Cross-Motion

To show entitlement to summary judgment on a breach of contract claim, a movant must prove the existence of a contract, the movant's performance, defendant's breach, and damages (see *Markov v Katt*, 176 AD3d 401, 402 [1st Dept 2019]). A valid release "constitutes a complete bar to an action on a claim which is the subject of the release" (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]). There is a policy in New York in favor of enforcing stipulations of settlement, which are not generally set aside in the absence of fraud or overreach (*Napoli v Winter*, 284 AD2d 286, 286 [1st Dept 2001]). Here, it is undisputed the Release executed by the parties was valid, and there has been no showing of fraud (*see* NYSCEF Docs. 19 and 28). Plaintiff failed to perform by filing the Petition for Administrative Review in violation of the Release. Therefore, Defendant's motion seeking dismissal of Plaintiff's breach of contract cause of action is granted. Consequently, Plaintiff's cross-motion for summary judgment on same is denied.

## C. Defendant's Motion for Summary Judgment on Defendant's Counterclaims for Breach of Contract and Attorneys' Fees

This branch of the motion is granted. Defendant's performance until the date of Plaintiff's breach by filing the PAR on February 20, 2020 is undisputed (NYSCEF Docs. 20, 24). A material breach is a failure to perform a fundamental term of a contract (*Feldman v Scepter Group, Pte. Ltd.*, 185 Ad3d 449, 450 [1st Dept 2020]). Here, Plaintiff commenced an administrative review proceeding on February 20, 2020, in violation of the Release (*see* NYSCEF Doc. 23). Specifically, the Release provides that the parties agreed to "waive and release each other . . . from any and all claims that one has or may have against the other" (*see* NYSCEF Doc. 19). Therefore, pursuant to the plain meaning of the language in the Release, the Petition for Administrative Review was a material breach.

Turning to the damages prong of a breach of contract action, "the nonbreaching party may recover general damages which are the natural and probable consequence of the breach" (*Bi-Economy Market, Inc. v Harleysville Ins. Co. of New York*, 10 NY3d 187, 192 [2008]). Here, Defendant seeks to recover damages in the amount of its first payment made to Plaintiff pursuant to the Release totaling $42,440.00 The Court finds that Defendant has shown the damages because it paid Plaintiff in accordance with the Release with the expectation the overcharge complaint was settled, but proceedings were commenced and continued. Thus, Defendant is entitled to the $42,440.00 paid to Plaintiff pursuant to the Release.

Moreover, a defendant is entitled to terminate an agreement and withhold further payments upon a plaintiff's material breach (*Alberts CSTV Networks, Inc.*, 945 NYS2d 555, 555-56 [1st Dept 2012]). Here, Defendant argues that its continued performance pursuant to the Release was excused as a result of Plaintiff's breach by filing the Petition for Administrative Review. Having

established that Plaintiff materially breached the Release Agreement, it follows that Defendant's expected performance of the three remaining payments was excused.

Defendant is granted summary judgment on its counterclaim for reasonable attorney's fees. The Release explicitly states that "[i]f either party brings a proceeding at DHCR or in a court of law to enforce or rescind this agreement because of a material breach thereof, he or she will be entitled to reimbursement of reasonable attorney's fees from the other party" (*see* NYSCEF Doc. 19). Here, Defendant has succeeded on its counterclaim for breach of contract. Therefore, Defendant's motion for summary judgment as to reasonable attorney's fees is granted.

Accordingly, it is hereby,

ORDERED that Defendant 615 West 136th Street Residence, LLC's motion for summary judgment is granted in its entirety; and it is further

ORDERED that Plaintiff Rebecca Malliaros's motion for summary judgment on her breach of contract claim is denied; and it is further

ORDERED that Defendant 615 West 136th Street Residence, LLC is awarded damages in the amount of $42,440.00 pursuant to Defendant's breach of contract counterclaim; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Defendant 615 West 136th Street Residence, LLC against Plaintiff Rebecca Malliaros in the amount of $42,440.00, plus statutory interest from the date of this Decision and Order, and costs and disbursements as calculated by the Clerk of the Court;

ORDERED that within thirty days of entry of this Decision and Order, counsel for Defendant shall submit an affirmation of services, with accompanying resumes and invoices, in support of its request for attorneys' fees. Fourteen days thereafter, counsel for Plaintiff may submit

an affirmation in opposition, if any. All filings shall be uploaded to NYSCEF and e-mailed to the

Court at SFC-Part33-Clerk@nycourts.gov; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this

Decision and Order, with notice of entry, on Plaintiff; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 4/23/2025 | _May V Rosa JSC_ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | **x** CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | **x** | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]