■ Suzanne Rotta, Respondent, v Dan Rotta, Appellant. Helena P. Solleder, as Law Guardian, Respondent. [649 NYS2d 148] —Order, Supreme Court, New York County (David Saxe, J.), entered January 2, 1996, which, upon reconsideration of its prior order of May 24, 1995, granting the respondent Law Guardian's motion to be relieved, directing that she be compensated for work performed at the statutory rate, but denying her motion to be appointed *nunc pro tunc* as guardian and guardian ad litem pursuant to Rules of the Chief Judge (22 NYCRR) part 36, awarded the Law Guardian a fee of $35,000, to be split evenly by the parties, unanimously affirmed, without costs.

When the Office of Law Guardian declined to pay respondent's voucher because a finding of indigency was never made, nor could have been, the same court reconsidered its prior ruling of May 1995, and made a discretionary award of $35,000 to respondent, to be paid equally by the parties. On appeal, defendant contends that respondent's fee should be limited to the statutory rate, and that Judiciary Law § 35 (3) does not permit an increased fee award. Defendant's challenge to the trial court's fee determination is unreviewable, since the Court of Appeals has held that such orders are essentially administrative in nature, and are therefore not amenable to judicial review (*Matter of Director of Assigned Counsel Plan of City of N. Y. [Bodek]*, 87 NY2d 191; *Matter of Werfel v Agresta*, 36 NY2d 624). Even if this award was made independent of the statutory scheme, and therefore subject to this Court's review,

we would find that such award was an appropriate exercise of the court's discretion, and that no hearing was required since neither party challenged their respective abilities to pay respondent's fee. Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.