■ In the Matter of LEA KOHN et al., Respondents, v KAREN K. LAWRENCE, Respondent, and MICHAEL POWERS, Appellant. [658 NYS2d 424] —In a child visitation proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Dutchess County (Pagones, J.), entered May 31, 1996, which (a) denied his motion to dismiss the petition seeking visitation by the maternal grandparents with his son on a 1996 summer European vacation, and (b) imposed costs against him in the amount of $100 awarded to the petitioners, $100 awarded to the respondent mother Karen Kohn Lawrence, and $100 to the Law Guardian for the child, and (2) an order of the same court entered July 1, 1996, which, after a hearing, (a) granted the petition for visitation by the maternal grandparents, (b) awarded attorney's fees to the petitioners and the mother, and (c) directed a hearing to consider the imposition of sanctions against him and his attorney.

Ordered that the notice of appeal from the order entered May 31, 1996, is deemed an application for leave to appeal the order dated May 31, 1996, and leave to appeal is granted; and it is further,

Ordered that the appeal from so much of the order entered May 31, 1996, as denied the father's motion to dismiss the petition seeking visitation by the maternal grandparents is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order entered May 31, 1996, is modified, on the law, by deleting the provision thereof which awarded $100 in costs to the Law Guardian; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered July 1, 1996, as granted the petition for visitation by the maternal grandparents is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered July 1, 1996, as directed a hearing to consider the imposition of sanctions is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered July 1, 1996, is modified, on the law, by deleting the provision thereof which awarded at-

torney's fees to the petitioners and the mother; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

Any determination by this Court with respect to the propriety of the Family Court granting the petition seeking visitation by the maternal grandparents for the purpose of taking the subject child on a summer 1996 European vacation and denying the father's motion to dismiss will not affect the rights of the parties, and the circumstances of this case do not warrant invocation of the exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707). Accordingly, the appeals from so much of the orders as determined the request for visitation by the maternal grandparents are dismissed as academic. Furthermore, so much of the order entered July 1, 1996, as directed a hearing does not affect a substantial right and therefore is not appealable as of right (see, CPLR 5511, 5701), and leave to appeal is not granted.

While we perceive no improvident exercise of the court's discretion in awarding costs to the petitioners and the respondent mother (see, CPLR 8106, 8202), the court erred as a matter of law in awarding costs to the Law Guardian as she was not a party to the proceeding (CPLR 8106). The court's award of attorney's fees was improper because such award is not authorized in a proceeding for visitation by grandparents (see, Domestic Relations Law § 237 [b]; Matter of Coulter v Barber, 214 AD2d 195; Matter of Pfohl v Marabella, 195 AD2d 1058). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.