■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v HASHIM A. HERRING, Defendant. COUNTY OF BROOME, Appellant; JOSEPH F. CAWLEY, Respondent. [718 NYS2d 492] —Mugglin, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered June 28, 2000, which confirmed a prior order of the court granting Joseph F. Cawley's application for enhanced assigned counsel fees.

Relying upon that portion of County Law § 722-b which authorizes "compensation in excess of the foregoing limits" in "extraordinary circumstances," County Court granted assigned counsel's request that he be paid $75 per hour for in-court work and $50 per hour for out-of-court work. The total compensation awarded also exceeded the statutory maximum for the offense charged. County Court also authorized payment for a paralegal employed by assigned counsel at the rate of $12.50 per hour. Following the initial ex parte order of May 12, 2000, as a result of the expressed intention of the Broome County Attorney to seek review, a subsequent order was

entered on consent on May 22, 2000, requiring the County of Broome to pay assigned counsel an amount based on the maximum hourly rates set forth in the statute. Following administrative review pursuant to 22 NYCRR 127.2 (b), County Court reconsidered its order of May 12, 2000 and confirmed the same by order dated June 28, 2000. The County filed a notice of appeal from this order.

Conceding in its brief that *Matter of Werfel v Agresta* (36 NY2d 624), *Matter of Director of Assigned Counsel Plan of City of N. Y. (Bodek)* (87 NY2d 191) and *People v Ward* (199 AD2d 683) bar appellate review of discretionary awards of fees made pursuant to County Law §§ 722, 722-b and 722-c, the County argues that those cases are not controlling authority since it seeks review of a question of statutory construction, not judicial discretion. Its argument is based on the premise that the Legislature intended that the phrase "foregoing limits" found in County Law § 722-b (which may be exceeded if the court finds "extraordinary circumstances") applies only to the maximum dollar amount based on the classification of the offense charged, and not to the maximum permissible hourly rates.

After careful consideration, we are unpersuaded by this argument and perceive it to be merely an indirect attempt to obtain appellate review of the basic issue herein, the compensation awarded to assigned counsel under "extraordinary circumstances." In *Matter of Werfel v Agresta (supra)*, a case involving the award of compensation within the statutory maxima, the Court of Appeals found that the proceeding was neither civil nor criminal but might be characterized as administrative; thus, there was no basis for justiciable review of allowances to counsel. This Court has consistently followed the principles enunciated therein and expanded them to include orders that grant compensation in excess of the maximum total fees that counsel can earn in an individual case (*see, e.g., People v Ward*, 199 AD2d 683, 684, *supra*; *Matter of Montgomery v Muller*, 176 AD2d 29, 33, *lv denied* 80 NY2d 751).

*Matter of Director of Assigned Counsel Plan of City of N. Y. (Bodek)* (87 NY2d 191, *supra*) concerned compensation set by trial courts for a certified social worker, as a result of "extraordinary circumstances," at the rate of $100 per hour which exceeded the $45 rate prescribed by the Chief Administrator of the Courts (*id.*, at 193). While holding that *Matter of Werfel v Agresta (supra)* no longer presented an impenetrable barrier to appealing these challenged orders and, therefore, that they are technically appealable, the Court of Appeals

noted that with respect to the appealability question "there is no meaningful distinction between * * * County Law §§ 722 and 722-b * * * and * * * County Law § 722-c" (*Matter of Director of Assigned Counsel Plan of City of N. Y. [Bodeck], supra,* at 194), and held that "trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c 'provide no basis for justiciable review.' Such orders are essentially administrative in nature and, accordingly, are not amenable to judicial review on the merits by an appellate panel [citation omitted]" (*id.,* at 194, quoting *Matter of Werfel v Agresta, supra,* at 627). Accordingly, the appeal herein must be dismissed.*

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, with costs.