■ In the Matter of ALEX J. McLAUGHLIN, as Comptroller of the County of Broome, Petitioner, v PATRICK H. MATHEWS, as Broome County Judge, et al., Respondents. [736 NYS2d 282] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, inter alia, prohibit enforcement of an order signed by respondent Broome County Judge which awarded assigned counsel compensation to respondent James A. Mack.

Once again advancing its interpretation of County Law § 722-b as prohibiting an award of assigned counsel compensation calculated at an hourly rate in excess of the statutory maximums of $40 per hour for time expended in court and $25

per hour for time expended out of court (*see, People v Herring*, 279 AD2d 765, *lv denied* 96 NY2d 711), petitioner, on behalf of the County of Broome, initiated this CPLR article 78 proceeding in the nature of prohibition to annul respondent Broome County Judge's award of counsel fees to respondent James A. Mack for his defense of a criminal prosecution against Lawton High and to prohibit enforcement thereof. By way of defense, respondents assert that a trial court's order granting compensation in excess of the statutory rates upon a showing of extraordinary circumstances is essentially administrative in nature and is thus nonjusticiable (*see, id.*). That was the unequivocal holding of *People v Herring* (*supra*), which applies equally whether review is sought by means of direct appeal or, as here, by means of a CPLR article 78 proceeding. Neither trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c nor administrative determinations reviewing such orders provide any basis for justiciable review (*see, Matter of Director of Assigned Counsel Plan of City of N.Y. [Bodek]*, 87 NY2d 191, 194; *Matter of Werfel v Agresta*, 36 NY2d 624, 627; *Matter of Levenson v Lippman*, 290 AD2d 211; *Matter of Gilman v Golfinopoulous*, 284 AD2d 224; *People v Herring, supra* at 767).

The parties' additional contentions, including Mack's request for the imposition of sanctions against petitioner and an award of counsel fees, either need not be considered or have been considered and found to be unavailing.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the petition is dismissed, without costs.