*527 OPINION OF THE COURT
Dennis K. McDermott, J.
Pursuant to Family Court Act § 243 (c), the Appellate Division, Third Department, has designated a panel of law guardians to represent the interests of minors in Family Court. Stuart L. Ben, Esq. is among the law guardians designated for service in this county. As such, his entitlement to compensation for his services is set forth in Family Court Act § 245 (c) which provides that law guardians “shall be compensated and allowed expenses and disbursements in the same amounts established by subdivision three of section thirty-five of the judiciary law.”
Section 35 (3) of the Judiciary Law provides for compensation “at a rate not exceeding forty dollars per hour for time reasonably expended in court, and twenty-five dollars per hour for time reasonably expended out of court,” up to a maximum of $800. It further provides, “In extraordinary circumstances the court may provide for compensation in excess of the foregoing limits.”
Mr. Ben was assigned by the court to serve as the law guardian for two children who were the subject of this custody proceeding. Following the conclusion of the proceeding, the law guardian submitted his voucher for services and disbursements. Pursuant to section 835.5 (b) of the Rules of the Appellate Division, Third Department (22 NYCRR 800.1 et seq.), the voucher was accompanied by a detailed affidavit in which the law guardian specified various attendant circumstances which he deemed to constitute “extraordinary circumstances” warranting enhanced compensation.
Upon review of the voucher and affidavit, this court was satisfied that the case had presented the requisite extraordinary circumstances. Accordingly, the voucher was approved and forwarded to the Law Guardian Program in Albany for approval and certification to the Comptroller for payment. (22 NYCRR 835.5 [a].) The compensation approved by this court was for a total of 39.2 hours (26.7 spent out of court and 12.5 spent in court) computed at an enhanced hourly rate of $75, together with $104.01 in disbursements, amounting in all to $3,044.01.
John E. Carter, Jr., Esq. is the director of the Law Guardian Program. He avers that “in accordance with the policies and directions of the Appellate Division, Third Department” he approved the law guardian’s claim at the statutory hourly rates, *528 thereby reducing the fee for the law guardian’s services from $2,940 (39.2 hours at $75) to $1,167.50 (26.7 hours at $25; 12.5 hours at $40). Hence, the Law Guardian Program has accepted this court’s conclusion that “extraordinary circumstances” existed sufficient to award total compensation in excess of the statutory limit of $800, but it has declined to further compensate the law guardian at enhanced hourly rates.
Thereafter, the law guardian took exception to this modification and obtained an order directing the Law Guardian Program director to show cause why the remaining $1,772.50 should not be paid.
On the return date of the show cause order, the Law Guardian Program director personally appeared with counsel and argued that, while the trial court has the authority to award enhanced compensation in excess of $800 in extraordinary circumstances, the authority to award compensation at an hourly rate greater than that provided by statute applies only to assigned counsel and not to law guardians. No statute, court rule or case was cited in support of this argument. Similarly, no challenge was made to the court’s determination that this case presented extraordinary circumstances, and the Law Guardian Program director concedes that compensation in excess of $800 was warranted here. Hence, the sole issue is whether, under a showing of extraordinary circumstances, the Family Court has the authority to approve compensation to a law guardian at hourly rates in excess of those provided in Judiciary Law § 35 (3).
The Family Court has the authority under section 262 of the Family Court Act to assign counsel to represent indigent litigants. Subdivision (c) of that statute provides for the implementation of the assignment of counsel to be subject to the application of the provisions of article 18-B of the County Law.
Within article 18-B of the County Law, section 722-b provides for the compensation to be paid to assigned counsel. Its relevant provisions are identical to those of Judiciary Law § 35 (3), i.e., services are to be compensated at the hourly rate of $40 for services in court and $25 for services out of court, subject to a maximum award of $800, with authority, under extraordinary circumstances, to “provide compensation in excess of the foregoing limits.”
Where an award of compensation to assigned counsel was made after the requisite showing of extraordinary circumstances at enhanced hourly rates of $75 for in-court work and *529 $50 for work outside of court, it was argued that the statutory language “in excess of the foregoing limits” was intended to apply only to the maximum award of $800 and not to the statutory hourly rates. It was held that that argument was unpersuasive. (People v Herring, 279 AD2d 765, 766 [3d Dept 2001], lv denied 96 NY2d 711.)
In People v Brisman (173 Misc 2d 573 [Sup Ct, NY County 1996]), the court wrote that
“the legislative history of the statute [County Law § 722-b], as well as the opinion of the Attorney-General who drafted the statute, clearly indicate that under section 722-b, in cases which present extraordinary circumstances, trial courts have the power to provide for compensation that exceeds both the statutory hourly rates and the statutory maxima set forth for the class of offense charged.” (Supra at 578 [emphasis added].)
See also Matter of D.H. (NYLJ, Aug. 15, 2000, at 24, col 4 [Fam Ct, NY County]), in which counsel for a juvenile delinquent was awarded $3,367.50 for 24.1 hours of out-of-court preparation and 20.8 hours in-court representation at a uniform rate of $75 per hour.
The court’s research has found no reported decision where a law guardian, rather than assigned counsel, was awarded compensation at hourly rates in excess of $40 and $25. In an unreported decision, however, the Supreme Court, Madison County, found extraordinary circumstances and made an award of $6,697.50 to a law guardian for 89.3 hours of work at the hourly rate of $75. (Webster v Webster, Jan. 26, 2001, O’Brien, J., Index No. 98-1078.)
Given that the reference in County Law § 722-b to “the foregoing limits” has been held to apply to both the maximum award of $800 and the hourly rates of compensation in awarding payment to assigned counsel, and further given that the relevant language in Judiciary Law § 35 (3) is identical to that of County Law § 722-b, and in the absence of any statutory language that would evince a legislative intent to allow enhanced hourly rates for assigned counsel but not for law guardians, this court can find no basis in statute, court rule, decisional law or logic to agree with the argument propounded by the Law Guardian Program director. Accordingly, this court holds that, under the provisions of Judiciary Law § 35 (3), once extraordinary circumstances are established to its satisfaction, a trial court has the authority to award compensation to a law *530 guardian that exceeds both the maximum allowance of $800 as well as the statutory hourly rates. The modification made by the Law Guardian Program director to the court’s award to the law guardian in this case, based on his conclusion that the court lacked such authority, was unwarranted and should be set aside.
This court further rejects the argument that it lacks the jurisdiction to hear this issue on the basis that it is nonjusticiable. In Matter of Werfel v Agresta (36 NY2d 624) and Matter of Director of Assigned Counsel Plan of City of N.Y. (Bodek) (87 NY2d 191), it was held that the trial court’s determination of a fee award is administrative in nature and, therefore, not amenable to judicial review. Such is not the case here.
Had this court’s award been modified by the Law Guardian Program director based on his determination that the award had been made without a finding of the requisite extraordinary circumstances, that decision would be nonjusticiable. Or, had this court found that the law guardian had failed to establish that extraordinary circumstances existed and then declined to award enhanced compensation, that decision, too, would be nonjusticiable. (Matter of McLaughlin v Mathews, 290 AD2d 846 [3d Dept 2002]; People v Herring, supra; Rotta v Rotta, 233 AD2d 152 [1st Dept 1996].)
This case, however, presents not an issue of discretion but rather one of statutory construction. The interpretation of statutory language is not administrative in nature. Because the modification made by the Law Guardian Program director to this court’s fee award was based on his construction of Judiciary Law § 35 (3), the issue of whether that was a misconstruction is not nonjusticiable.
Accordingly, the modification made by the Law Guardian Program director to the law guardian’s voucher as approved by this court is vacated, and the Law Guardian Program director is directed to certify it to the Comptroller for payment in the sum of $3,044.01.