■ In the Matter of WARREN R. FOLLUM, SR., Appellant, v JOYCE ANN FOLLUM, Respondent. [755 NYS2d 145] —Appeal from an order of Supreme Court, Monroe County (Egan, J.), entered January 23, 2002, which granted respondent's motion, dismissed the petition seeking visitation and ordered petitioner to pay respondent reasonable and necessary attorney's fees, costs and expenses in the amount of $500.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, the petition is reinstated, the award of attorney's fees, costs and expenses is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner grandfather appeals from an order granting the motion of respondent mother (denominated cross motion by Supreme Court) dismissing his pro se petition (denominated motion by the court) seeking visitation with the two children of respondent and petitioner's son, from whom respondent is seeking a divorce. The court further ordered petitioner to pay respondent "reasonable and necessary attorney['s] fees, costs and expenses in the amount of $500." We conclude that the court erred in summarily dismissing the petition for grandparent visitation (see Domestic Relations Law §§ 72, 240 [1] [a]) based on the pendency of respondent's action for divorce, which involves the issues of parental visitation. Even assuming, arguendo, that the pendency of such divorce action is relevant to a determination of petitioner's standing, i.e., petitioner's ability to demonstrate the existence of "circumstances" or "conditions" under "which equity would see fit to intervene" (§ 72), we conclude that it is not dispositive of that issue of standing. In determining the threshold issue of a grandparent's standing, the court is required to examine all relevant facts, including "the nature and basis of the parent['s] objection to visitation" and "the nature and extent of the grandparent-grandchild relationship" (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182). If standing is established based on the equitable circumstances provision of the statute, the court must determine whether visitation by the grandparent would be in the children's best interests (see id. at 181-182; Matter of Ziarno v Ziarno, 285 AD2d 793, 793-794, lv denied 97 NY2d 605; see generally § 72). The issues of standing and best interests involve similar inquiries, and the resolution of both of those issues may be based on many of the same factors (see Ziarno, 285 AD2d at 794; Matter of Luma v Kawalchuk, 240 AD2d 896). We therefore deny the motion to dismiss and reinstate the petition for grandparent visitation, and we remit the mat-

ter to Supreme Court, Monroe County, for a hearing, findings and determination with respect to petitioner's standing to maintain the proceeding and, if necessary, with respect to whether an order of grandparent visitation would serve the best interests of the children (*cf. Emanuel S.,* 78 NY2d at 183).

Given our denial of the motion to dismiss and reinstatement of the petition, we vacate that part of the order awarding respondent $500 in attorney's fees, costs and expenses. We note, in any event, that the court had no authority to order petitioner to pay respondent's attorney's fees, costs and expenses in connection with an application for grandparent visitation (*see Matter of Kohn v Lawrence,* 240 AD2d 496, 497; *Matter of Coulter v Barber,* 214 AD2d 195, 198; *Matter of Pfohl v Marabella,* 195 AD2d 1058; *Lewin v Caplan,* 159 AD2d 369, 370). Petitioner's request for costs against respondent's attorney is denied. Present—Pigott, Jr., P.J., Wisner, Kehoe and Gorski, JJ.