■ JEFFREY P. KRAHAM, Individually and as County Executive of the County of Broome, et al., Appellants, v PATRICK H. MATHEWS, as Broome County Judge, et al., Respondents. [761 NYS2d 102] —Rose, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 15, 2002 in Broome County, which, inter alia, granted defendants' motion for summary judgment and made a declaration in their favor.

This declaratory judgment action is the third procedural vehicle by which the County of Broome has sought judicial review of the orders of defendants, who are County Judges and Family Court Judges, awarding compensation to assigned counsel calculated at hourly rates in excess of the maximum permissible limits provided in County Law § 722-b (*see Matter of McLaughlin v Mathews,* 290 AD2d 846 [2002], *lv denied* 98 NY2d 602 [2002] [CPLR article 78 proceeding]; *People v Herring,* 279 AD2d 765 [2001], *lv denied* 96 NY2d 711 [2001] [direct appeal]). Despite long-standing precedent that trial court orders granting or denying increases in the statutorily recommended fees under County Law §§ 722, 722-b and 722-c "provide no basis for justiciable review" (*Matter of Werfel v Agresta,* 36 NY2d 624, 627 [1975]; *see Matter of Director of Assigned Counsel Plan of City of N.Y.,* 87 NY2d 191, 194 [1995]; *Matter of McLaughlin v Mathews, supra* at 847; *Matter of Gilman v Golfinopoulous,* 284 AD2d 224, 224 [2001]; *People v Herring, supra* at 767), plaintiffs commenced this action asking Supreme Court to declare that the underlying trial court orders are in violation of County Law § 722-b, unconstitutional and against public policy. Simultaneously, plaintiffs moved for a preliminary injunction against the enforcement of the orders. Reaching the merits, Supreme Court granted summary judgment in defendants' favor and declared the underlying orders to be valid and enforceable, prompting this appeal by plaintiffs. We now reverse, finding no basis for judicial review.

As a threshold matter, we reject plaintiffs' contention that defendants' failure to cross-appeal from Supreme Court's finding of justiciability precludes our review of that issue. "[T]he established rule is that 'the successful party, who is not ag-

grieved by the judgment or order appealed from and who, therefore, has no right to bring an appeal, is entitled to raise an error made below, for review by the appellate court, as long as that error has been properly preserved and would, if corrected, support a judgment in [its] favor'" (*Matter of Save the Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 638 [2001], *lv denied* 97 NY2d 611 [2002], quoting *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). Thus, on this appeal, defendants may assert the lack of a basis for judicial review.

Next, although they have characterized this action as one for a declaratory judgment, plaintiffs have focused on invalidating specific orders of defendants, and their complaint does not request a declaration regarding the meaning of County Law § 722-b. Even if the complaint could be read to include an allegation of prospective harm, plaintiffs' overarching request to invalidate the underlying orders is the sole relief sought in their "wherefore" clause. It seeks only a declaration that the orders violated the statute, and plaintiffs' motion for a preliminary injunction sought to restrain enforcement of those orders. Because "declaratory judgment does not entail coercive relief" (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]), and "cannot seek any injunction" (*id.* at 152), plaintiffs' present action cannot be distinguished from their earlier proceeding in the nature of prohibition. Since plaintiffs seek the same relief, the substantive issue presented here, as in *Matter of McLaughlin v Mathews (supra)* and *People v Herring (supra)*, is whether or not defendants abused their administrative discretion in providing for compensation to assigned counsel in excess of the statutory limits. As a result, regardless of the type of action or proceeding in which they may be presented for review, the orders made by defendants in their unique administrative capacities remain nonreviewable (*see Matter of Director of Assigned Counsel Plan of City of N.Y., supra* at 194; *Matter of McLaughlin v Mathews, supra* at 847).

We also conclude that there is no procedural necessity for entertaining this declaratory judgment action. Unlike in *Mahoney v Pataki* (98 NY2d 45, 52-53 [2002]), judicial review here is not unavailable due to a refusal by defendants to issue a final administrative determination. In addition, our prior decision in *Matter of McLaughlin v Mathews (supra)* no longer bars judicial review in a CPLR article 78 proceeding, in the nature of mandamus to review, of a determination by an administrative judge pursuant to 22 NYCRR 127.2 (b) confirming or

modifying a trial court order awarding increased assigned counsel fees. Our dicta in *McLaughlin* that "administrative determinations reviewing such orders [do not] provide any basis for justiciable review" (*id.* at 847) was addressed solely to the prior version of 22 NYCRR 127.2 (b). That version of the regulation did not provide for meaningful, independent administrative review resulting in a final, binding determination amenable to review under the standards set forth in CPLR article 78. The current version, on the other hand, provides for review of fee awards in excess of the statutory limits by an administrative judge, who may modify the award if it is found to reflect an abuse of discretion by the trial judge. If any of the fee awards here were confirmed by the Administrative Judge, as plaintiffs allege,\* then those determinations would be subject to judicial review in a CPLR article 78 proceeding (*see* CPLR 7803 [3]). This would be comparable to the situation under Judiciary Law former § 218 (3) (b) where a trial court made the administrative decision to permit or bar audiovisual coverage of a criminal trial. That decision was first subject to administrative review by an administrative judge (*see* Judiciary Law former § 218 [3] [b]; 22 NYCRR 131.5), whose determination was then judicially reviewable in a CPLR article 78 proceeding (*see Matter of Ladone v Lerner,* 135 AD2d 535, 538 [1987]).

Notwithstanding the potential availability of CPLR article 78 review as to the fee awards made after the revision of 22 NYCRR 127.2, we are still unable to review the determinations here. Plaintiffs neither joined the Administrative Judge who reviewed defendants' awards nor included that Judge's decisions in the record. Thus, we are constrained to reverse.

Mercure, J.P., Spain and Lahtinen, JJ., concur.

Crew III, J. (dissenting). There can be no doubt that trial court orders granting or denying increases in the statutorily recommended fees under County Law article 18-B provide no basis for justiciable review (*see e.g. Matter of Director of Assigned Counsel Plan of City of N.Y.,* 87 NY2d 191 [1995]; *Matter of Werfel v Agresta,* 36 NY2d 624 [1975]). To the extent that the complaint here can be read as challenging the individual awards recited therein, I agree with the majority that such awards are beyond our review powers. I, however, read the

---

\* In their brief, plaintiffs assert that after this action was commenced, the Administrative Judge of the Sixth Judicial District affirmed the fee awards made by defendants after the April 16, 2001 revision of the regulation. However, the record does not contain any decision or order of the Administrative Judge to that effect.

complaint, at least in part, and as argued on appeal, to allege a prospective injury or harm as the result of the misinterpretation of the statute at issue, as a consequence of which plaintiffs request a declaration as to the proper interpretation of such statute.

It has long been the rule that a declaratory judgment action is the appropriate vehicle for settling a justiciable controversy "where a constitutional question is involved or the legality or *meaning* of a statute is in question and no question of fact is involved" (*Dun & Bradstreet v City of New York,* 276 NY 198, 206 [1937] [emphasis added]; *see Matter of Morgenthau v Erlbaum,* 59 NY2d 143 [1983], *cert denied* 464 US 993 [1983]; *New York County Lawyers' Assn. v State of New York,* 294 AD2d 69 [2002]; *Compass Adjusters & Investigators v Commissioner of Taxation & Fin. of State of N.Y.,* 197 AD2d 38 [1994]; 43 NY Jur 2d, Declaratory Judgments § 29). Indeed, in a case remarkably similar to the case at bar, it was held that a declaratory judgment action was the proper vehicle to determine whether the Division of the Budget properly interpreted Judiciary Law § 35-b in refusing to approve compensation beyond lead and associate counsel in capital cases (*Mahoney v Pataki,* 98 NY2d 45, 51 [2002]; *see New York County Lawyers' Assn. v State of New York, supra* at 74). Here, plaintiffs have alleged a justiciable claim of prospective injury and appropriately request a declaration as to the proper interpretation of the statute in question. I would, therefore, address the merit of plaintiffs' claim.

Ordered that the order is reversed, on the law, without costs, and complaint dismissed.