■ In the Matter of HARRY P. FLORES et al., Appellants, v SABRINA J. DeABREU, Also Known as SABRINA J. ALTIERY, Respondent. [820 NYS2d 894]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandparents appeal, as limited by their brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered January 3, 2006, as upon reargument, adhered to its prior determination in an order dated September 2, 2005, dismissing the petition, without a hearing.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the order dated September 2, 2005 is vacated, and the petition is reinstated; and the matter is remitted to the Family Court, Suffolk County, for the appointment of a Law Guardian to represent the interests of the child, and for further proceedings in accordance herewith.

Under the particular circumstances of this case, the Family Court improperly dismissed the grandparents' petition for visitation with the subject child without first holding a hearing. In considering whether a grandparent is entitled to visitation under Domestic Relations Law § 72 where, as here, both parents are alive, the Family Court must determine, first, whether equitable circumstances exist which provide the grandparent with standing and, if such circumstances exist, whether visitation would be in the grandchild's best interest (*see Matter of Wilson v McGlinchey,* 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 181 [1991]). The issue of standing should be determined only after consideration of all relevant facts and circumstances (*see Matter of Ann M.C. v Orange County Dept. of Social Servs.,* 250 AD2d 190, 194 [1998]). Here, in light of the factual dispute presented by the parties, a hearing was necessary to determine whether the grandparents had the requisite standing and, if so, whether visitation with the grandparents is in the best interests of the subject child. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.