In the Matter of LYNDA D., Respondent, v STACY C., Appellant. [830 NYS2d 881]—

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered June 2, 2005 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and awarded petitioner visitation with the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order granting the petition of her child's maternal grandmother seeking visitation with the child. We reject respondent's contention that Family Court should have conducted a hearing to determine whether petitioner had standing to seek visitation with the child. "In determining the threshold issue of a grandparent's standing, the court is required to examine all relevant facts, including 'the nature and basis of the parent['s] objection to visitation' and 'the nature and extent of the grandparent-grandchild relationship' " (Matter of Follum v Follum, 302 AD2d 861, 861 [2003], quoting Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182 [1991]). In general, a "hearing is not required . . . when the information before the court enables it to undertake a comprehensive independent review" of a custody or visitation issue (Matter of Folsom v Folsom, 12 AD3d 962, 963 [2004] [internal quotation marks omitted]; see Matter of Woodruff v Adside, 26 AD3d 866 [2006]). We conclude under the circumstances of this case that a hearing on the issue of petitioner's standing was not required (see Matter of Marks v Cascio, 24 AD3d 556 [2005]; cf. Matter of Flores v DeAbreu, 32 AD3d 1025 [2006]). The court reviewed a recent determination of the identical issue, made by a court of coordinate jurisdiction after a lengthy hearing regarding an identical petition concerning the same parties and the same child, and the court also reviewed the documents and affidavits submitted by the parties in conjunction with respondent's motion to dismiss the petition. In addition, there was no evidence of changed circumstances in the brief time between the prior determination and this proceeding, and we thus agree with the court that a de novo hearing on the issue of standing was not required.

We also reject the further contention of respondent that her due process rights were violated by the court's failure to accord special weight to her determination to deny visitation to

petitioner (*see generally Troxel v Granville*, 530 US 57 [2000]). "Unlike the trial court in *Troxel*, Family Court did not presume that petitioner's request for visitation would be granted in the absence of a showing that the child[ ] would be adversely impacted. Instead, by requiring petitioner to establish standing, the court gave respondent['s] decision some presumptive or 'special' weight, which is all that *Troxel* requires" (*Matter of Morgan v Grzesik*, 287 AD2d 150, 156 [2001]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.