■ In the Matter of PEDRO VAZQUEZ et al., Appellants, v LESLIE KAUFMANN, Respondent. [830 NYS2d 576]—

In a visitation proceeding pursuant to Family Court Act article 6, the grandparents appeal from (1) a decision of the Family Court, Westchester County (Klein, J.), dated March 14, 2006, and (2) an order of the same court dated May 2, 2006, which, upon the granting of the respondent's application to dismiss the proceeding, in effect, dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, dismissing the proceeding insofar as asserted by the petitioner Marianne Vazquez; as so modified, the order is affirmed, without costs or disbursements, that branch of the application which was to dismiss the proceeding insofar as asserted by the petitioner Marianne Vazquez is denied, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

Contrary to the Family Court's determination, the proceeding should not have been dismissed insofar as asserted by the

petitioner Marianne Vazquez merely because the father, an admittedly necessary party, was not joined. Rather, the Family Court should have attempted to have the father summoned and given him the opportunity to participate in the proceeding (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 457-461 [2005]).

Moreover, contrary to the respondent's contention, there was no hearing on the issue of the petitioner Marianne Vazquez's standing to seek visitation with the subject child who is her biological grandchild. The court did not take testimony as to her contacts with the child. The only sworn statements as to her contacts with him are those set forth in the petition. There were no answering papers, and no testimony was taken on the truthfulness of those allegations. Her allegations were sufficient to raise a factual question as to the extent of her contacts with her grandson and whether visitation with her would be in the child's best interests. Under these circumstances, a hearing as to whether visitation should be granted was required (*see Matter of Flores v DeAbreu*, 32 AD3d 1025 [2006]), and such a hearing should be held after attempts are made to join the nonparty father (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, supra*).

However, the Family Court properly concluded that the petitioner Pedro Vazquez lacks standing to seek visitation. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.