■ RKO Properties Ltd., Appellant, v Shaya Boymelgreen et al., Respondents, et al., Defendants. Ira Daniel Tokayer, Nonparty Appellant. [878 NYS2d 197]—

In an action, inter alia, for specific performance of contracts for the purchase of real property, the plaintiff and its attorney, nonparty Ira Daniel Tokayer, appeal from (1) an order of the Supreme Court, Queens County (Kitzes, J.), entered November 21, 2007, which granted that branch of the motion of the defendants Shaya Boymelgreen, Boymelgreen Developers, LLC, and RKO Plaza, LLC, formerly known as RKO Pacific, LLC, which was to direct them to provide those defendants with general releases, and (2) an order of the same court entered January 28, 2008, which granted the motion of the defendants Shaya Boymelgreen, Boymelgreen Developers, LLC, and RKO Plaza, LLC, formerly known as RKO Pacific, LLC, to direct that the general releases filed with the County Clerk be turned over to

them, denied the cross motion of the plaintiff and nonparty Ira Daniel Tokayer for a stay pending appeal of the order entered November 21, 2007, and, sua sponte, directed a hearing to consider the imposition of sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order entered November 21, 2007, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered January 28, 2008, as, sua sponte, directed a hearing to consider the imposition of sanctions pursuant to 22 NYCRR 130-1.1 is dismissed; and it is further,

Ordered that the order entered January 28, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

" '[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms' " (*Reiss v Financial Performance Corp.,* 97 NY2d 195, 198 [2001], quoting *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Here, contrary to the appellants' contention, the Supreme Court did not rewrite the parties' stipulation of settlement. Rather, by directing the appellants to provide the general releases to the respondents, the court properly enforced the stipulation according to its terms. By agreeing to the subsequent stipulation and order dated August 16, 2007, and accepting payment of the settlement amount, the plaintiff waived any alleged breach of the stipulation of settlement.

The appeal from so much of the order entered January 28, 2008, as, sua sponte, directed a hearing must be dismissed, as no appeal lies as of right from an order entered sua sponte or from an order directing a hearing, and leave to appeal from that portion of the order has not been granted (*see* CPLR 5701 [a] [2]; [c]; *Shabtai v City of New York,* 308 AD2d 532, 533 [2003]; *Matter of Kohn v Lawrence,* 240 AD2d 496, 496-497 [1997]).

The appellants' remaining contentions are without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.