OPINION OF THE COURT
Ellen Gesmer, J.
The core issue in this motion is whether the court may order grandparents who are seeking visitation with their grandchildren to pay the compensation of attorneys appointed by the court to represent those children. As discussed more fully below, the court finds that it has the authority to do so, pursuant to its parens patriae powers.
Background
In this special proceeding, petitioners[1] seek visitation with their grandchildren. Petitioners’ daughter, the mother of the children, died. The respondents are the children’s father and his parents, the children’s paternal grandparents. The children currently reside with their father at the home of their paternal grandparents. In a related proceeding, the children’s maternal aunt and uncle seek custody of the children pursuant to Matter of Bennett v Jeffreys (40 NY2d 543 [1976]).
At the initial conference in this proceeding, we discussed the appointment of counsel for the children. The attorney appointed for the children in the related proceeding proposed that I appoint her to represent them in this proceeding as well. The respondents in this proceeding (who Eire parties in the related proceeding) joined in that request. The petitioners in this proceeding opposed that application, but did not argue that it was unnecessary or inappropriate to appoint counsel for the children. The respondents in this proceeding then raised concerns about their financial ability to contribute to the compensation and expenses of the children’s attorneys. The petitioners in this proceeding neither raised any similar concern, nor questioned the court’s authority to direct them to contribute to the compensation of the children’s counsel. At the conclusion of the conference, I directed that the parties submit *507 memoranda addressing, inter alia, whether I should appoint separate counsel for each child, and how I should allocate the compensation of the attorney or attorneys for the children. I also gave the parties leave to submit net worth statements, if they wished me to consider them.
Petitioners submitted a memorandum in which they opposed the appointment of an attorney for the children, and argued in the alternative that, if the court elected to appoint counsel for the children, the court should not appoint the same attorney as in the related proceeding. Petitioners’ memorandum did not argue that the court lacked authority to require them to contribute to the compensation of the children’s counsel, and, in fact, did not address the issue of the compensation for the children’s counsel at all. Petitioners also did not submit a net worth statement. Respondents submitted both memoranda and statements of net worth. After reviewing the memoranda of the parties and the net worth statements submitted by respondents, I issued orders on August 6, 2010 appointing a separate attorney for each child in this proceeding, and directing that petitioners pay 100% of the retainers and all subsequent compensation of the attorneys for the children in this proceeding.
In this motion, petitioners seek an order granting them leave to reargue this court’s orders dated August 6, 2010, and, upon reargument: (1) modifying those orders to delete the provision requiring petitioners to pay all of the compensation and disbursements of the attorneys for the children, and directing that those expenses be paid entirely by respondent father; or, alternatively, (2) directing that the compensation of the attorneys for the children be paid with public funds; or, alternatively, (3) vacating the orders appointing attorneys for the children. Respondents and the attorneys for the children oppose the motion.
Analysis
Petitioners argue that the court overlooked or misapprehended the relevant law when it directed them to pay the compensation of the children’s attorneys because, they argue, the court has no authority to direct nonparents, including grandparents, to pay the fees of a court-appointed attorney for a child. They further argue that the court may impose the obligation to pay a child’s attorney only on the child’s parent, on the theory that compensation for a child’s attorney is a necessary, which only a parent has a duty to provide (see Matter of Plov *508 nick v Klinger, 10 AD3d 84 [2d Dept 2004]). In addition, they argue that they have no statutory duty to support their grandchildren. Finally, petitioners suggest that, if the father maintains that he is unable to pay the fees, then the court should direct payment of the fees of the children’s attorneys from public funds, or, alternatively, vacate the order appointing the children’s attorneys.
Respondents and the children’s attorneys oppose the motion for three reasons. First, they argue that the Supreme Court has the authority to appoint an attorney for the child in a grandparent visitation case, and require the petitioning grandparent to pay all or part of the fees of the child’s attorney. They argue that a contrary rule would lead to the anomalous result that a grandparent could
“come into court to challenge a parent’s right to decide who can spend time with his or her children, force litigation on the parent, do so without even a prior effort to effectuate this on consent, and then demand that the parent pay for all the costs of defending his or her right” (affirmation of Jo Ann Douglas 1Í15).
Second, they argue that fairness requires that the children have adequately paid counsel. Third, they argue that requiring respondent father to pay 100% of the fees would impose a tremendous financial hardship on him and his parents.
As an initial matter, the court must deny the petitioners’ motion to reargue because they failed to raise previously the legal arguments which they now ask the court to adopt. A motion for reargument is not an appropriate vehicle to advance arguments different from those tendered on the original application (DeSoignies v Cornasesk House Tenants’ Corp., 21 AD3d 715 [1st Dept 2005]; Rubinstein v Goldman, 225 AD2d 328 [1st Dept 1996]; Mariani v Dyer, 193 AD2d 456, 458 [1st Dept 1993]; Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]; Simpson v Loehmann, 21 NY2d 990 [1968]). At no time did the petitioners take the position that the court lacked authority to require them to contribute to the compensation of the children’s attorneys. Consequently, the court must deny petitioners’ motion to reargue.
Even if there were no procedural bar to the motion, I would deny petitioners’ motion because the court has authority to direct petitioners to pay the fees of the children’s attorneys, so I neither overlooked nor misapprehended the relevant law.
*509 Petitioners argue that there is no statutory basis for the court to order them to pay the fees of the children’s attorneys, and that the court should not infer that it has the authority to require them to do so. It is true that there is no statute which specifically authorizes a court to direct a grandparent to pay the fees of the child’s attorney in a proceeding brought under Domestic Relations Law § 72. In fact, there is no explicit statutory authority to direct a parent to pay for the child’s attorney in any custody or visitation proceeding, except for subdivision (3) of Judiciary Law § 35, which applies only where the parents are preliminarily determined by the court to be indigent. That subdivision permits the imposition of attorneys’ fees on a parent where the court has appointed an attorney for the child, and later determines that the parent is not indigent (Judiciary Law § 35 [3]). Neither that subdivision of Judiciary Law § 35, nor any other statute, explicitly provides for the imposition of the costs of the child’s counsel on an unwilling parent in any other situation.
Yet petitioners argue that it is “clear that this Court may direct a parent to pay the fees of an attorney appointed to represent that parent’s child pursuant to Judiciary Law § 35 (3),” citing Stephens v Stephens (249 AD2d 191 [1st Dept 1998]) and Rotta v Rotta (233 AD2d 152 [1st Dept 1996]) (affirmation of petitioners’ attorney 1i 8).[2]
A close examination of the cases cited by petitioners’ counsel is instructive. In Stephens, the Appellate Division cited only to Rotta as authority for its ruling that the trial court properly exercised its discretion when it appointed a Law Guardian[3] for the parties’ children, and directed the parents to pay the Law Guardian’s fees. In Rotta, the defendant husband appealed from a trial court order directing him to pay half of the Law Guardian’s fees. The Appellate Division found that the fee order was made pursuant to Judiciary Law § 35 (3) and was thus *510 unreviewable, citing Matter of Director of Assigned Counsel Plan of City of N.Y. (Bodek) (87 NY2d 191 [1995]) and Matter of Werfel v Agresta (36 NY2d 624 [1975]) for the proposition that “such orders are essentially administrative in nature, and are therefore not amenable to judicial review” (Rotta, 233 AD2d at 152). It provided no further explanation of this reasoning. For that, we must turn to Levenson v Lippman (4 NY3d 280 [2005]), where the Court of Appeals explained that the counsel payment orders at issue in Bodek and Werfel were subject to administrative, rather than appellate, review because they called for payment from the public fisc, and were thus properly the concern of court administrators who are responsible for “[t]he allocation of finite financial resources for the payment of assigned counsel” (id. at 290). Since the order at issue in Rotta did not call for payment with public funds (indeed, it called for the replenishment of public funds with private funds, based on a finding that the parties were not entitled to treatment as “indigents”), the citation by the Appellate Division in its Rotta decision to Bodek and Werfel, as clarified by Levenson, was inapposite.
Fortunately, the Appellate Division cited an alternative rationale for its decision in Rotta. The Court went on to state: “Even if this award was made independent of the statutory scheme, and therefore subject to this Court’s review, we would find that such award was an appropriate exercise of the court’s discretion, and that no hearing was required since neither party challenged their respective abilities to pay respondent’s fee” (233 AD2d at 152-153). Since the Appellate Division did not cite any authority for its holding that the trial court had the discretion to order the parents to pay the Law Guardian’s fees, I find that it was relying on the courts’ inherent parens patriae obligation to safeguard the health and well-being of children (Finlay v Finlay, 240 NY 429 [1925]; Grant v Cuomo, 130 AD2d 154 [1st Dept 1987]; Matter of Shinice H., 194 AD2d 444 [1st Dept 1993]; Anonymous v Anonymous, NYLJ, Sept. 8, 1995, at 27, col 3 [Sup Ct, NY County]).[4]
In Finlay (supra), Judge Cardozo provided an elegant discussion of the courts’ inherent parens patriae authority. In that case, a husband sought to obtain custody by means of an action *511 at law against his wife, from whom he was not seeking a divorce. Judge Cardozo dismissed the action, holding that the court had “no authority for the exercise of that jurisdiction through the medium of an action by one parent against the other” (240 NY at 432), and that the husband must instead proceed by a petition in equity. He went on to explain:
“The difference is more than formal. The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against any one. He acts as parens patriae to do what is best for the interest of the child. He is to put himself in the position of a ‘wise, affectionate and careful parent’ (Queen v. Gyngall, [2 QB 232, 238 (1893)]), and make provision for the child accordingly. He may act at the intervention or on the motion of a kinsman, if so the petition comes before him, but equally he may act at the instance of any one else. He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights ‘as between a parent and a child’ or as between one parent and another (Queen v. Gyngall, supra). He ‘interferes for the protection of infants, qua infants, by virtue of the prerogative which belongs to the Crown as parens patriae’ (Matter of Spence, [2 Phillips 247, 248 (1847)]).” (Finlay at 432.)[5]
Judges in the matrimonial parts of the Supreme Court and in the Family Court exercise this inherent authority daily when, for example, they make custody decisions based on the child’s best interest (Eschbach v Eschbach, 56 NY2d 167 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]). If the court believes that appointment of an attorney for the child will enhance its ability to make a decision in that child’s best interests, acting as a “wise, affectionate and careful parent,” then it must exercise its discretion to appoint an attorney and allocate the cost reasonably between the parties (or, as in the case at bar, among them) (see C.E. v P.E., 177 Misc 2d 272 [Sup Ct, Bronx County 1998]; Braiman v Braiman, 44 NY2d 584, 591 [1978]; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117 [2d Dept 1990]; Matter of Scott L. v Bruce N., 134 Misc 2d 240, *512 241 [Fam Ct, NY County 1986] [“Although New York statutes mandate neither a ‘guardian ad litem’ nor a ‘Law Guardian’ in custody cases, recognition of the child as a person rather than chattel, requires that the child’s position be distinguished and asserted independently of the battling adults”]).
The court also acts as parens patriae and applies a best interests analysis in any proceeding where a person is seeking a parental role but is not a biological parent (see e.g. Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]; Domestic Relations Law § 72). Consistent with that analysis, the Appellate Division and the trial courts in the First Department have directed nonparents who seek a parental role to share in the expenses of a court-appointed attorney for the child, even in the absence of an authorizing statute. In Anonymous v Teresea U. (263 AD2d 385 [1st Dept 1999]), the Appellate Division directed the trial court to appoint an attorney for a baby who was the subject of a dispute between her biological parents and potential adoptive parents, with a directive that the court allocate the fees at a later date. Similarly, in Debra H. v Janice R. (NYLJ, Oct. 9, 2008, at 26, 2008 NY Misc LEXIS 6367 [Sup Ct, NY County 2008]), Justice Beeler directed that the parties share the cost of the child’s attorney, where the petitioner seeking custody was the civil partner of the respondent, who was the biological mother of the child. In a case even more analogous to this one, C.F.B. v T.B. (9 Misc 3d 1105[A], 2005 NY Slip Op 51412[U] [Sup Ct, Erie County 2005]), the grandparents who sought custody pursuant to Bennett v Jeffreys were directed to pay the counsel fees of the attorney for the children, who was appointed by the court.
It is also striking that, in Stephens, the Appellate Division instructed that the Law Guardian could seek payment of her fees through Domestic Relations Law § 244, a section which only applies to fees of spouses. This suggests that the Appellate Division for the First Department appears to be willing to read statutes broadly to provide the same rights to payment of attorneys for children as are enjoyed by parents as to payment of their counsel in a custody proceeding (see also Pedreira v Pedreira, 34 AD3d 225 [1st Dept 2006]).
In this case, given the contentiousness of this proceeding, I believed that appointing attorneys for the children was critical, so that I could make a determination of their best interests with the benefit of their point of view. All of the parties agreed with this at the time I appointed the attorneys for the children. *513 Since the petitioners are seeking to take on a parental role with respect to the children, it seems ironic that they are not willing to take on the responsibility of helping to pay for the children’s attorneys, especially since it was the petitioners who first raised the importance of their appointment. Consequently, in a case such as this one where nonparents are asking the court to award them a parental role, I find that the court has the inherent authority to appoint an attorney for the child and to require the petitioning nonparent to contribute to that attorney’s costs.[6]
In accordance with this decision, it is ordered that petitioners’ motion to reargue is denied.

. The court has fictionalized the initials of the parties to protect the children’s identities.

. The Second Department agrees with the First Department that both the Supreme Court (Pascazi v Pascazi, 65 AD3d 1202 [2d Dept 2009]; Rupp-Elmasri v Elmasri, 8 AD3d 464 [2d Dept 2004]) and the Family Court have such authority (Matter of Plovnick v Klinger, 10 AD3d 84 [2d Dept 2004]). The Third Department takes a contrary view, and, noting the absence of statutory authority, declines to order parents to pay the compensation of court-appointed attorneys for children (Redder v Redder, 17 AD3d 10 [3d Dept 2005] [overruling Gadomski v Gadomiski, 245 AD2d 579 (3d Dept 1997)]).

. The term “law guardian” has been replaced with “attorney for the child” since adoption of section 7.2 of the Rules of the Chief Judge (22 NYCRR) in 2007.

. The Second Department identifies its authority to require parents to pay for their child’s attorney in Domestic Relations Law § 237, although that section literally only authorizes the court to direct a party to pay the attorneys’ fees of his or her spouse, not of the child’s attorney (see e.g. Bluemer v Bluemer, 47 AD3d 652, 653 [2d Dept 2008]).

. In Finlay, Judge Cardozo pointedly stated that “[ejquity does not concern itself with such disputes in their relation to the disputants. Its concern is for the child” (240 NY at 434).

. I note that the cases cited by petitioners to support their claim that grandparents cannot be required to pay attorneys’ fees addressed situations where the grandparents were being directed to pay the fees of their children. (See e.g. Lewin v Caplan, 159 AD2d 369 [1st Dept 1990]; Matter of Follum v Follum, 302 AD2d 861 [4th Dept 2003].)