# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1041**

**CAF 10-01240**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF CHRISTOPHER FEWELL,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JENNIFER M. KOONS, RESPONDENT-RESPONDENT.

---

DEBORAH J. SCINTA, KENMORE, FOR PETITIONER-APPELLANT.

M. KIM BABAT, ATTORNEY FOR THE CHILD, BUFFALO, FOR ISIAH S.K.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered April 27, 2010 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition alleging a violation of a prior order of visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order in this Family Court Act article 6 proceeding dismissing his petition alleging that respondent mother violated a prior order of visitation with respect to the parties' son. We reject the father's contention that Family Court erred in dismissing the petition without conducting a hearing. "It is well established that due process does not mandate a hearing in every instance where contempt is sought [based on the violation of a court order]; it need only be conducted if a factual dispute exists [that] cannot be resolved on the papers alone" (*Bowie v Bowie*, 182 AD2d 1049, 1050; *see also Matter of Lynda D. v Stacy C.*, 37 AD3d 1151; *cf. Matter of Lisa B.I. v Carl D.I.*, 46 AD3d 1451). Moreover, a hearing is not required even where a factual dispute exists when the allegations set forth in the petition are insufficient to support a finding of contempt (*see Matter of Palacz v Palacz*, 249 AD2d 930, *lv dismissed* 92 NY2d 920). Here, no hearing was required because the father failed to indicate how the mother allegedly violated the order. In addition, as the court properly noted, the order that the father sought to enforce was ambiguous.

Entered: September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court