Matter of Kelly G. v Circe H. (2019 NY Slip Op 08961)





Matter of Kelly G. v Circe H.


2019 NY Slip Op 08961


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


309154/16 -10453NB 10453NA 10453N

[*1] In re Kelly G., Petitioner-Appellant,
v
Circe H., Respondent-Respondent.


Warshaw Burstein, LLP, New York (Eric Wrubel of counsel), for appellant.
Cohen Rabin Stine Schumann LLP, New York (Bonnie E. Rabin of counsel), for respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered January 22, 2019, which, upon remand from this Court, (1) set forth criteria to establish equitable estoppel, and (2) granted respondent's cross motion for counsel fees to the extent of awarding respondent $200,000 in interim counsel fees without prejudice to further application, and reserving decision on respondent's application for outstanding counsel fees pending a hearing framed on the issue at a date to be determined, unanimously affirmed, without costs. Orders, same court and Justice, entered January 3, 2019, which, to the extent appealed from, directed petitioner to pay 100% of the costs of an attorney for the child and a neutral forensic evaluator, unanimously affirmed, without costs.
This case raises an issue of first impression for this Court, that is, whether in a proceeding to establish standing to assert parental rights in seeking visitation and custody under Domestic Relations Law § 70 (see generally Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1 [2016]), the court has discretion to direct the "more monied" party to pay the other party's counsel and expert fees under Domestic Relations Law
§ 237 before that party has been adjudicated a parent. We find that it does.
Domestic Relations Law § 237(b), which is a statutory exception to the general rule that each party is responsible for her own legal fees (see Hooper Assoc., Ltd. v AGS Computers, 74 NY2d 487, 491 [1989]), provides, in relevant part, that "upon any application . . . concerning custody, visitation or maintenance of a child, the court may direct a spouse or parent to pay counsel fees and fees and expenses of experts directly to the attorney of the other spouse or parent to enable the other party to carry on or defend the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires . . . ." This statute, like Domestic Relations Law § 70, does not define the term "parent." In holding that Domestic Relations Law § 70 "permits a non-biological, non-adoptive parent to achieve standing to petition for custody and visitation" (Brooke S.B.,
28 NY3d at 27), the Court of Appeals focused on our courts' historic exercise of their inherent powers of equity to act in the best interests of children (id. at 23; see also Debra H. v Janice R., 14 NY3d 576, 609 [2010][Ciparick, J., concurring], cert denied 562 US 1136 [2011]; N.Y. Const. art. VI, § 7[a]). The Court of Appeals also stressed that it "has gone to great lengths to escape the inequitable results dictated by a needlessly narrow interpretation of the term parent'" (Brooke S.B. at 24). Consonant with that approach, we conclude that highly inequitable results would flow in this case from permitting the party with far greater resources to seek custody as against the child's primary parent without allowing that parent to seek counsel fees. Without determining that she is a parent for purposes beyond the application of Domestic Relations Law § 237(b), we find that Domestic Relations Law § 237(b) must be read to permit the court to direct petitioner to pay respondent's counsel fees as necessary "to enable [her] to. . . defend the [*2]application. . . as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties."
Here, the motion court appropriately considered the income and resources of each party and the equities of this case and properly exercised its discretion in granting respondent's cross motion for interim counsel fees to the extent of awarding her $200,000 and holding the balance of her requests for additional fees and past counsel fees in abeyance. Accordingly, we affirm the interim counsel fee award.
Petitioner further contends that the court's articulation of 11 estoppel factors to be considered at trial creates a heightened burden for her to meet by clear and convincing evidence when the appropriate analysis has already been well-established by precedent. We disagree.
As a preliminary matter, contrary to respondent's contention, we find that this portion of the order is appealable. Although there was no formal motion with respect to the court fashioning an equitable estoppel test, the issue was argued and briefed before the court, with counsel submitting legal memoranda regarding the appropriate factors. Under these circumstances, we determine that the estoppel factors were not issued by sua sponte order (see generally Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 133 [2014]). Likewise, we reject respondent's contention that the estoppel factors, at best, constituted an advisory opinion since that portion of the order was directly related to the final determination of the merits of the case and, therefore, affected a substantial right, and was appealable (see Brown v State of New York, 250 AD2d 314, 320 [3d Dept 1998]).
Turning to the merits, however, we do not find petitioner's arguments availing. Significantly, petitioner never specifically objected to the criteria enumerated by the motion court, although given the opportunity to do so, and, on appeal, she does not single out any one factor, but asserts that the test is unfair because she claims that she must prove each factor by clear and convincing evidence. Petitioner's position ignores the explicit language of the court's decision, which states that "[t]he ultimate determination of parenthood shall be predicated upon the best interests of the child" and "[i]n consideration thereof, the court will determine and consider the extent to which the petitioner, by clear and convincing evidence [met the court's equitable estoppel criteria]" (emphasis added). We view Supreme Court's list of criteria to be considered at the trial in this case as neither exclusive nor dispositive, and therefore consistent with the Court of Appeals' rejection of "the premise that we must now declare that one test would be appropriate for all situations, or that the. . . tests [proposed by the litigants and amici] are the only options that should be considered" (Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 27 [2016]).
Given that the factors enumerated by the motion court encompass criteria proposed by both parties and closely track evidence relied upon in other cases (see e.g. Matter of Shondel J. v Mark D., 7 NY3d 320 [2006]; Matter of Chimienti v Perperis, 171 AD3d 1047 [2d Dept 2019], lv denied 33 NY3d 912 [2019]), petitioner's position that she is being subjected to a stringent test in which she must definitively "prove" every factor is unpersuasive. Moreover, the motion court specifically expressed concern about creating a "heightened legal barrier" or "any unique challenge" for nontraditional families, and, to that end, noted that it "remains available to address any objection which may come to light as this matter proceeds." The motion court further noted that it identified estoppel factors at the parties' urging "in order that any appointed forensic expert, as well as all others concerned with the orderly progression of this matter, [may] be properly guided." Under these circumstances, we find that the estoppel factors listed by the court are appropriate for consideration at trial in this case, and should not be disturbed.
Finally, petitioner appeals from separate orders appointing an attorney for the child and a neutral forensic evaluator, to the extent that they directed her to pay 100% of their costs, subject to reallocation. The court, as parens patriae, has authority to direct petitioner to pay the costs associated with the attorney for the child (see People ex rel. KM v SF, 31 Misc 3d 505, 511-512 [Sup Ct, NY County 2011]). The function of the neutral forensic evaluator is to assist the court in deciding what is in the best interests of the child. Accordingly, the court may also exercise its parens patriae authority to allocate payment of the neutral forensic evaluator as between the parties. In light of the disparate financial positions of the parties, we find that the motion court [*3]appropriately exercised its discretion in allocating the fees, particularly since each order is subject to reallocation.
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK